OPINION
By SKEEL, J.
This case comes to this court on an appeál on questions of law from a judgment of the Municipal Court of the City of Cleveland.
The plaintiff appellants were the joint owners of a dwelling house located on East I49th Street, in the City of Cleveland. The house was very old and as originally constructed had a very small old-l'ashioned round cellar under the *271 'kitchen. A former owner had undertaken to enlarge the basement under the entire . house. He had only partially completed the work when he lost the property in a foreclosure and it was sold in a judicial sale. The plaintiffs, when they took possession undertook to complete the work and had taken the dirt out beginning about 18 inches inside the north wall at the surface of the ground and sloping inwardly at about thirty percent to the bottom level of the cellar. This work was stopped about August 28, 1939 so that the foundation stood secure as then excavated from that date until the 19th or 20th of February, 1940. On the 19th day of February, 1940, the defendant’s servant, desiring to make a delivery to a store on St. Clair Avenue just west of East 149th Street, pulled its truck and trailer into the plaintiff’s driveway and along side of that part of the house under which the excavation had been made on the inside as above described, so that the truck could be r backed directly across the street to the rear of the store. There is some evidence that in driving in or while backing out of the plaintiffs’ driveway, the defendant’s truck struck the foundation of plaintiffs’ house. At intervals during the day and at about ten or eleven o’clock on the evening of February 19th unusual noises were heard along and near the north wall and about 4:30 on the morning of February 20th the north wall started to fall in causing considerable damage to the house.
This action was thereupon instituted and when called for trial both sides waived the right to trial by jury and the case was tried to the court.
At the conclusion of the presentation of the plaintiffs’ evidence, the court entered a finding for the defendant and upon overruling plaintiffs’ motion for new trial, entered judgment for the defendant on the ground that plaintiffs had failed to establish that they had been damaged as a result of the defendant’s trespass. This conclusion was reached because of some evidence in the record that after the property was repaired, its value was $700.00 more than before the accident, which increase in value was greater than the cost of the repairs.
As we view the record, there can be no question but that the defendant committed an act of trespass in driving its heavy truck upon plaintiffs’ driveway. Whether or not the fall of the basement wall of plaintiffs’ house was proximately. caused by such wrongful act is a question of fact and a finding that such claim was true would be amply sustained by the evidence.
We come, therefore, to a consideration of the question of damage. Upon this question the record is indeed confusing. Many of the questions asked of the plaintiff, Koch, were apparently understood by him to refer to the difference in the value of his house between the time he purchased it and just before the foundation caved in. There can be no doubt that the advance in value of $700.00 about which he testified referred to this period and was in fact due to the improvements which he had installed during that interim' and was not concerned at all with the question of the damage resulting from the foundation caving in to- the basement on the 20th of February.
The plaintiff also testified that the market value of the home just immediately after the foundation caved in was $1,000.00 less than it was before the accident happened. An expert witness was called, who testified that the cost of repairing *272 the damage would total about $500.00. The plaintiff was then recalled and was asked to what extent the repairs that were made caused by the sinking of the foundation increased the value of the house to which he replied that they increased the value to the extent of their cost. This question, and the answer to it, indicates clearly that the witness intended to say that the increase in value occasioned by the repairs after the damages by the cave-in had taken place, was equal to the cost of the repairs.
Viewing the evidence on the question of damage in this case in its most favorable light, with regard to the plaintiffs’ contention, as we must when considering the defendant’s motion fox- a judgment at the conclusion of the plaintiffs’ case, we conclude that there is clearly sufficient evidence in the record, supporting plaintiffs’ claim for substantial damages that when the proper rule of law is applied, would require the overruling of the motion and put the defendant on its proof.
In this case there was not a complete destruction of the property. The property which was claimed to have been damaged by defendant was susceptible of being repaired and the plaintiffs’ claim for damages was founded on the cost of putting the property in the same or as good condition as it was before the claimed wrongful act of the defendant. As a matter of common knowledge, after the ground upon which the fouxxdation stood had crumbled away, the foundation could only be repaired by building from the floor level. The need to so reconstruct the wall is a direct and proximate result of the crumbling away of the bank which, until the alleged wrongful act of the defendant, had for nearly eight months satisfactorily sustained the weight of the foundation. If the result of defendant’s wrongful act thus required an extension or lowering of the footing upon the foundation to be built, the defendant cannot complain that the foundation when thus built cost more than the foundation that it replaced, or that such new construction might add something to the value of the house beyond that which it had before the claimed wrongful act. By like token if any work was done in making the repairs which were not occasioxxed or made necessary by the wrongful acts of the defendant, the cost of such work could not be considered on the question of damage whether such work added to the ultimate value of the property or not.
The measure of damages to be applied where, as here, the property damaged can be repaired, was announced by the Supreme Court in the case of Northern Ohio Gas Co. v Congregational Church, 126 Oh St 140, as follows: (page 150 of the opinion.)
“In cases in which restoration of the building damaged can be made, the measure of damages is the reasonable cost of restoration or repairs.”
The rule as thus stated was followed in the case of Savin v Gholson, 51 O. A. R. 443, where the rule of damage when waste was claimed against a tenant was determined. The court first set forth the charge of the trial court on the subject of damage, and then determined that the rule as applied in the charge was a proper statement of the law. We quote from pages 447-448 of the opinion:
“The court charged the jury on this issue as follows:
*273 “The measure of damage in this ease is compensation and you will determine what sum will justly and fairly compensate the plaintiff, if you find by the preponderance of the evidence he is entitled to compensation. In this connection you may consider the reasonable cost and expense of putting the building in the condition it was at the time when it was leased, reasonable wear and tear excepted.
It would serve no purpose to enter a discussion of the measure of damages, as above given, in connection with the measure of damage as claimed by the plaintiff in error. It is sufficient to say that the trial court followed the rule approved and announced in the case of Northwestern Ohio Natural Gas Co. v First Congregational Church of Toledo, 126 Oh St 140, 184 N. E. 512, and particularly the rule as exemplified by the court in its opinion at page 150 thereof. Manifestly it was the duty of the trial court to follow that rule, which is the last expression of the supreme court on this particular question, and it is likewise the duty of the trial court in so doing. It follows that there is nothing further that may be said here pertinent to this question.”
We are mindful of the fact that in the case of Collieries Company v Cocke, 107 Oh St 239, the court qualified the rule as thus stated in the following way: (quoting from the last paragraph of syllabus 5)
“* * * * If restoration can be made, the measure of damages is the reasonable cost of restoration, plus the reasonable value of the loss of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property as a whole, before and after the injury, in which case the difference in the market value before and after the injury becomes the measure.”
Inasmuch as the supreme court, in deciding the Gas Company case in 126 Oh St supra, did not cite or refer to the rule applicable generally as the measure of damages where damage is wrongfully caused to real property under such circumstances that the damage can be repaired as set forth in Collieries Company v Cocke, 107 Oh St 239, that the court did not intend to modify the rule as thus established but concluded that the facts in the Gas Company case are distinguishable in that it involved church property which, generally speaking, has no market value in the sense in which that term is generally used.
The rule as stated in the Collieries case is certainly supported by the great weight of authority.
In Sedgwick on Damages, Vol. 3, beginning on 'page 1918, in the middle of ¶932, we quote:
“If the injury is easily reparable, the cost of repairing may be recovered. But it must be shown that the repairs were reasonable; and if the cost of repairing the injury is greater than the diminution in market value of the land, the latter is always the true measure of damages. Strictly speaking, therefore, the cost of repairs is not the measure of damages, but only evidence of the amount of damages. Thus, in a case where the defendant so felled trees on his own land that the brush was cast on the plaintiff’s land, the court said:
‘The expense (of removing the brush) is not the measure of damages. It is a fact to be considered in connection with other evidence, such as the value of the land be *274 fore and since the cutting, the uses to which it was adapted, and the extent to which the plaintiff had been deprived of the use. The damages may be more and they may be less than the cost of removing the brush.’ ”
Also, in McCormack on Damages, page 483, the rule is stated as follows:
“* * * *. Second, if the improvement is merely damages and not destroyed, damages are usually measured by the reasonable cost of repair or restoration to the condition before the injury, together with compensation for the loss of the use of the property during the period of repair. This formula works well.enough if the injured building or improvement was a reasonably new one, though even then the jury should be warned to make a deduction from the cost of repair for the fact that the repaired part would be newer and better than the corresponding part before the injury but, if the building is ancient and dilapidated or not susceptible of repair, the courts are apt to prefer a different standard of recovery; that is, the amount of the lessening in value of the structure or other improvements, produced by the injury. If, from the evidence the jury could ascertain both the cost of restoration and the diminution in value due to the injury, then seemingly they should be instructed to allow damages on the basis of the reasonable cost of restoration not to exceed the amount of the decrease in value due to the injury.”
The same principle is discussed in Vol. 15, American Jurisprudence, page 523, 1H13 as follows:
“In some jurisdictions, if a destroyed building can be replaced in substantially the same condition in which it existed before its destruction, the measure of damages is the reasonable cost of replacing it. It has frequently been held that the measure of damages for injury to a building which is not destroyed is a sum sufficient to restore it to substantially the condition it was in prior to the injury where this can be done at a reasonable cost or for less than the depreciation in the value of the building as a result of the injury. According to some courts, the cost of repairs is the proper measure of damages, if the bulding can be repaired or restored for a sum. not greater than its value immediately before the injury, but if it cannot be restored or repaired for such sum, the measure is the actual value of the building at the time of its destruction. It has also been held that the owner is entitled to recover the entire cost of restoring a damaged building to its former condition, unless such cost exceeds its diminution in value as the result of the injury, in which event the recovery must be limited to the amount of such diminution. Under this rule, the court should receive evidence both as to the cost of restoring the bulding and as to the amount of its diminished value and then adopt as the measure of damages the lesser of the two amounts.”
We conclude, therefore, that the rule to be applied in the instant case in determining the question of damages is the reasonable cost of the repairs made necessary because of damages resulting proximately from the alleged wrongful acts of the defendant, unless it should appear that the amount thus determined is greater than the difference between the value of the property just before the damage was done and immediate *275 ly after the damage has been done, in which event the difference in such values would be the amount of damage recoverable. Such a rule in no way involves the value of the property after the repairs have been made. In fact some repairs are still to be made. The value of the property after the repairs have been completed is to be given no consideration whatever in determning the damage in the instant case.
The record clearly discloses that the court in determining that the plaintiffs had not been damaged by virtue of the alleged wrongful act of the defendant, erroneously gave consideration to the ultimate value of the property after the repairs were completed.
The judgment of the Municipal Court of Cleveland is therefore reversed for error of law in rendering judgment at the conclusion of plaintiffs’ case and cause remanded for further proceedings according to law.
LIEGHLEY, PJ., MORGAN, J., concur.