City of Columbus, Appellant, *v.* Zanes et al., Appellees.

(No. 7560—Decided May 12, 1964.)

Mr. John C. Young, city attorney, Mr. Alba L. Whiteside and Mr. James R. Kirk, for appellant.

Mr. Hugh E. Kirkwood, Jr., and Mr. Paul W. Dixon, for appellees.

Troop, J. The city of Columbus, by proper statutory procedure, appropriated easement rights over and through the property owned by George Zanes and Robert Zanes, located in the city of Columbus, Franklin County, Ohio, for the purpose of the construction and maintenance of a sewer identified as the Truro Sanitary Relief Sewer—Zettler Road Sub-Trunk Branch. A jury was duly impanelled, in an appropriate action in the Court of Common Pleas of Franklin County, for the purpose of assessing the amount of compensation to be paid the owners of the property for the taking. Trial was had and the jury returned a verdict awarding the sum of $700 for the easement taken and $6,000 for damages to the residue. Following the overruling of a motion for a new trial, this appeal on questions of law was taken from the judgment of the trial court.

A permanent easement, being a strip of land 15 feet wide by 143.7 feet long over the owners' property, was acquired by the city. During the period of construction there was a taking of additional land, adjacent to each side of the 15-foot strip and totalling approximately 90 feet in width, constituting a temporary easement. The right of the city to appropriate was conceded and no question was raised as to the procedure followed in the taking. Only the question of compensation was at issue in the trial court.

The appellant, city of Columbus, suggests three assignments of error, one directed to the errors claimed to be present in the court's charge; the second charges that irregularity in proceedings prevented the plaintiff, the city, from having a fair trial; and, finally, that the verdict and judgment thereon are not sustained by sufficient evidence and are contrary to law.

In developing the first assignment of error, counsel for the city suggest that the trial court incorrectly commented upon the evidence and the purpose of it, to the prejudice of the plaintiff. In the city's brief, counsel emphasize that a trial court must exercise great care in instructing a jury to avoid creating confusion resulting in the misleading of the jury and amount-

ing to a misdirection. With that proposition there is no quarrel. Counsel follow with the vague generalization that the charge contained "several erroneous statements" and was "so contradictory and confusing" that it was impossible for the jury to deliberate and return a proper verdict.

An examination of the charge of the trial court reveals an informal style, but a conscientious attempt to be simple and direct so as to clarify necessary basic concepts with which the jury must deal in appropriation matters. The informality disappears, however, in directions as to the applicable law, and in the absence of more specific objection to identifiable confusing comments it cannot be said that the language of the court is prejudicial.

We move to that part of the first assignment of error in which it is claimed that the trial court incorrectly instructed the jury:

"b. * * * in how damages are determined in this type of case.

"c. * * * in how the value of land taken should be determined.

"d. * * * in how the value of a temporary construction easement is determined."

Changing the order slightly, but still examining categorically these objections to the court's charge, we look at claimed error noted "c." At page 72 of the record the court explained the nature of a permanent easement, pointing out the right of the city to appropriate and the continued right of the city to enter and repair, and added that the jury may not question the right, the sole function of the jury being to determine the compensation to the owners. And then appears an instruction, as follows:

"The law says that fair market value is the price the city should pay for this permanent easement. However, it is somewhat difficult to determine the fair market value of an easement over a piece of property as easements are normally not a part of the open market, so I will give you details on that issue in just a moment."

Bearing upon the same determination of the value of the property taken, we find these instructions, as follows:

"The first question that you will have to decide is the mar-

ket value of the permanent easement. That is the strip of land 15 feet by 143.7 feet long. This is the permanent easement taken by the city. * * *''

''The criteria for you to follow in determining the market value of this 1500 [sic] foot strip, as I said, would normally be the highest price that a willing buyer-seller would sell and purchase, but since easements have no independent market value in themselves, you will have to consider, in determining value, the use of the easement in the future that it has relating to use of the whole property remembering the rights given by the property owners to the city and the rights remaining to the property owners to use the property.''

''In determining the market value of this easement taken, you should consider the highest and best use for the property at the time of the taking of the easement and in the reasonably, foreseeable future.''

Instructions dealing with the matter noted in ''b'' are as follows:

''The third and last question for your decision is whether or not the residue or remaining real estate owned by these property owners has been damaged by the taking of this easement. If it has, the amount damaged in this case would be the difference in the value of the entire real estate before the easement was taken from the value of the same after the easement was taken. * * *''

The court noted that the present use of the land is for a blacktopped parking area, that the owners contended that they intended to build on the parcel and that the witness Kohr concluded that the present use of the land for a parking lot was the highest and best use to which the land could be put. Immediately after these comments, the court instructed, as follows:

''You are entitled to consider whether or not the taking of this easement thus impairs the use of the remainder of the property by these property owners either now or in the reasonably foreseeable future. However, merely possible use of the property many years in the future is too speculative and should not be considered. * * *''

Finally, as to objection ''d,'' the charge of the court contains language, as follows:

''* * * you should award any amount that you think the en-

tire property decreased in value during the operation of this construction easement. * * *''

The court then summarized the task of the jury, reiterating that it must determine the market value of the permanent easement taken and the value of the temporary or construction easement, grouping the two values in one amount in the verdict. The jury was told to return a separate amount for the damage to the remaining property if it determined there was such.

The accepted rules for the determination of value are presented in the text material contained in 19 Ohio Jurisprudence (2d), beginning at page 532 and Section 116, and following. It is possible to quibble about the choice of words or the phraseology of the trial court, but the instructions given the jury as to the applicable law conform to the rules as presented and discussed in the text materials and announced in the cases, and were therefore correct and not prejudicial to the plaintiff. The first assignment of error is not well taken.

Much of the brief of the city is devoted to a discussion of the "cost of cure" doctrine as it relates to the determination of damage to the property. Customary rules for the ascertainment of the amount of damages have but one ultimate object and that is to accomplish just compensation. The basic rule is perfectly clear. 19 Ohio Jurisprudence (2d), 533, Section 116, states it as follows:

"* * * But where only part of a tract is taken, the elements of recovery are the market value of the part taken and damages to the remaining property * * *."

And specifically, as to damages to the residue, the same text says that the measure is the diminution of value of the property injuriously affected by the public improvement, i. e., "it is the difference between the fair market value of the property before and after it is thus damaged."

The before-and-after rule found here is the same as that commonly applied in the negligence cases involving damage to an automobile. Fair market value before and after it is damaged is controlling. Cost of repairs is related to the matter of market values, before and after. If the damaged property is susceptible of being repaired, then the cost of repairs may be accepted as evidence of the difference in market values, but if that cost of repairs is greater than the difference in market

values, it cannot become the measure of damages. See *Koch* v. *O'Brien & Nye Cartage Co.* (1942), 37 Ohio Law Abs., 270. This is the essence of the rule announced in *Ohio Collieries Co.* v. *Cocke* (1923), 107 Ohio St., 238.

In the case of *Gohman* v. *City of St. Bernard* (1924), 111 Ohio St., 726, the court, at page 753, provides a pointed and appropriate example of the operation of the "cost of cure" rule. In the illustrative hypothetical, a difference in before-and-after value of $1,000 is suggested, but an expenditure of $100 would, it is assumed, restore the affected property to its former value. Clearly, the damage done would be $100.

No such situation is present in the instant case. There is no evidence bearing upon any possible restoration to a former state or condition. No evidence appears suggesting a method of recovery of the "before" value. There is only evidence as to possible costs of bridging should the property owners construct a building over the easement taken by the city, as the owners testified they contemplated. The testimony of the owners was met squarely by a witness for the city who said that the highest and best use was the present one, for a parking lot.

This is not a "cost of cure" situation. It is covered properly by the trial court in its charge to the jury, instructing that it was "entitled to consider whether or not the taking of this easement thus impairs the use of the remainder of the property * * * either now or in the reasonably foreseeable future."

In any event, if the trial court omitted to charge properly on "cost of cure," the city cannot presently complain, having been given an opportunity to request such instruction and having failed to do so. Section 2321.03, Revised Code, and *Rhoades* v. *City of Cleveland* (1952), 157 Ohio St., 107, are controlling.

There is sufficient evidence to support the verdict reached by the jury, and, there being no prejudicial error present in the record, the judgment of the trial court is affirmed and the appeal dismissed at appellant's costs.

*Judgment affirmed.*

BRYANT and DUFFEY, JJ., concur.