PEOPLES BANK OF GLASGOW v. ALBERT LEE YAGER, AUBREY S. KALLMEYER and TRI-COUNTY TRUST COMPANY; ALBERT LEE YAGER, Appellant.—46 S. W. (2d) 585.

Division Two, February 17, 1932.

768

*Percival Birch* and *Gilbert Lamb* for appellant.

*E. W. Henry* for respondent.

WESTHUES, C.—This suit originated in the Circuit Court of Howard County, Missouri. Plaintiff, respondent here, filed a petition seeking to partition certain real estate described as follows:

"Parts of Sections one (1) and two (2) in township fifty (50), range eighteen (18) west, in Howard County, State of Missouri, bounded as follows: Beginning at a point were the north line of the southwest fractional quarter of section one (1), township 50, R. 18 west intersects the East bank of the Missouri River, thence east along said quarter section line to the middle of said section one (1), thence south along the quarter section line to the point where the east line of said southwest quarter section intersects the north line of the land formerly owned by Kirk Earickson said land being in section one (1) thence west to the section line between sections one (1) and two (2), thence south along the section line to the southeast corner of said section two (2), thence west along the section line to the point where said section line intersects the east bank of the Missouri River, thence in a northerly direction along the east bank of the Missouri River and with the meanders thereof, to the place of beginning, together with the accretions thereto."

Plaintiff alleged that it was the owner of an undivided one-fifth interest, and defendant Albert Lee Yager, an undivided four-fifths interest in the lands above described; that defendant Tri-County Trust Company was the owner and holder of a note and deed of trust, dated June 16, 1928, upon the interest of defendant Albert Lee Yager, for the sum of eight hundred dollars; that defendant Aubrey S. Kallmeyer was the trustee in the deed of trust.

Defendants filed a joint answer admitting the allegations of plaintiff's petition except that plaintiff had any title, whatever, to the lands described. Defendants affirmatively pleaded Albert Lee Yager

to be the sole owner in fee of the lands, subject only to the deed of trust in favor of defendant Tri-County Trust Company. Defendants prayed the court to try and determine the title to the lands, and to declare defendant Albert Lee Yager the owner in. fee, subject to the deed of trust mentioned.

The trial court, after hearing the case, entered a judgment for plaintiff, as prayed for in its petition, decreeing that plaintiff was the owner of an undivided one-fifth interest in the land, free and clear of the alleged deed of trust. From this judgment, defendant Albert Lee Yager appealed.

The undisputed facts in the case are as follows: William B. Yager, who died intestate in the year 1914, is the common source of title. At the time of his death William B. Yager owned the land in controversy and left as his heirs the widow, Ann Yager and five children: defendant Albert Lee Yager, Elma Andrews, Eulah Andrews, Lester Yager and Josephine Wells. The widow, Ann Yager, died, prior to the filing of the partition suit.

Appellant Albert Lee Yager claims title to an undivided four-fifths interest in the lands, by virtue of a warranty deed, dated April 28, 1928, duly executed by his co-heirs; and a one-fifth interest, as heir of his father, William B. Yager. Appellant's title is not disputed except the one-fifth interest of Josephine Wells, which is the controversy of this litigation.

Plaintiff, the Peoples Bank of Glasgow, claims title to an undivided one-fifth interest in the lands, by virtue of a sheriff's deed, under an execution sale dated the 21st day of September, 1926. On May 12, 1926, the plaintiff obtained a judgment against Ann Yager and Josephine Wells in the sum of three thousand and sixty-nine dollars and ten cents ($3,069.10), based on a promissory note. Ann Yager and Josephine Wells filed separate answers to the petition of plaintiff, in the suit on the promissory note. Josephine Wells withdrew her separate answer, whereupon a default judgment was entered against her and the case was tried on the issue raised by the answer of Ann Yager. A jury returned a verdict against Ann Yager, and thereafter the court entered the following judgment:

"It is therefore considered and adjudged by the court that the plaintiff recover of the defendants Ann Yager and Josephine Wells three thousand, sixty-nine and 10-100 dollars with interest from the date of this judgment at the rate of seven per cent per annum, till paid, the interest to compound annually at the same rate of interest, as provided in the promissory note sued on, together with the cost of this suit, and have execution therefor."

Ann Yager duly appealed, from this judgment entered against her, to the Kansas City Court of Appeals; and that court on December

6, 1926, reversed the judgment and remanded the case for a new trial. [See 288 S. W. 954.]

During the time the case was pending on appeal, by Ann Yager, the Peoples Bank of Glasgow had an execution issued on the judgment, and the sheriff levied on and sold all the title and interest of Josephine Wells in the lands here in controversy. The Peoples Bank of Glasgow, the respondent here, became the purchaser at this sale and, as above mentioned, received a sheriff's deed, dated September 21, 1926. The deed of trust, held by the Tri-County Trust Company, was dated June 16, 1928. By this deed of trust appellant and his wife conveyed the above described land to Aubrey S. Kallmeyer, as trustee, to secure the payment of a note for eight hundred dollars in favor of the Tri-County Trust Company.

Appellant's position in this case can be best stated by quoting the assignments of error. They are:

"1. On the undisputed testimony in this case, the trial court erred in not finding and adjudging that there was no final judgment in the case of the Peoples Bank of Glasgow v. Ann Yager and Josephine Wells, pending the appeal, under which a sale could be had that would pass title to the plaintiff.

"2. Upon the undisputed evidence in this case, the trial court erred in not holding that the reversal of the judgment by the Kansas City Court of Appeals, in the Peoples Bank of Glasgow v. Ann Yager and Josephine Wells reversed the judgment of the trial court as to Josephine Wells."

Appellant cites Section 1528, Revised Statutes 1919, now Section 1077, Revised Statutes 1929; Cramer v. Barmon, 193 Mo. 327; McQuitty v. Steckdaub, 190 S. W. 590; Dixon v. Transit Company, 197 Mo. App. 646, as authority that the record in this case shows there was no final judgment, as to Josephine Wells, and therefore, the execution sale was a nullity. Appellant cites 4 Corpus Juris, page 1204, Section 3249; McKee v. Rudd, 222 Mo. l. c. 373; Chicago Herald Co. v. Bryan, 195 Mo. l. c. 596, and similar cases, as authority that the reversal of the case, by the Kansas City Court of Appeals, on the appeal of Ann Yager, also reversed the judgment of the lower court, as to Josephine Wells. Therefore, the execution sale was a nullity.

If the execution sale was a nullity, appellant is the owner of the interest of Josephine Wells in the land described; and if the execution sale was valid, respondent is the owner of such interest. Section 1077, Revised Statutes 1929, reads:

"When there are several defendants in a suit, and some of them appear and plead and others make default, an interlocutory judgment by default may be entered against such as make default, and the cause may proceed against the others; but only one final judgment shall be given in the action. [R. S. 1919, sec. 1528.]"

After considering the provisions of the statute just quoted and the decisions cited by appellant and after examining the record in this case, we find that the trial court, in the case of the Peoples Bank of Glasgow v. Ann Yager and Josephine Wells, not only substantially complied with the statute in question, but followed it precisely. The record discloses, when Josephine Wells withdrew' her separate answer, a default judgment was entered against her and the case proceeded against Ann Yager. After the jury found the issues against Ann Yager, a judgment was entered against both defendants. This was a final judgment, disposing of the entire case as to all parties concerned, just as the statute provides. [Fleming v. McCall, 35 S. W. (2d) 60; Conrath v. Houchin, 34 S. W. (2d) 1. c. 195 (10).] This was not done in the cases cited by appellant. Those cases point out the correct procedure to be followed and we find it identical with that followed by the court in the case under discussion.

The question remains, did the reversal of the judgment against Ann Yager also reverse the judgment against Josephine Wells? It must be remembered that the suit and judgment were based on a promissory note signed by both Ann Yager and Josephine Wells. Their liability on this note was joint and several. The one defendant may have had a valid defense and the other not. A judgment against either was in no way dependent on the other. The applicable rule is stated in 4 Corpus Juris, 1206, as follows:

''A reversal is binding on the parties to the suit, but does not inure to the benefit of parties against whom judgment was rendered in the lower court and who did not join in the appeal, unless their rights and liabilities and those of the parties appealing are so interwoven and dependent as to be inseparable, in which case a reversal as to one operates as a reversal as to all.''

This case clearly comes within the rule first stated. The record does not disclose that the case was retried after it was remanded by the Court of Appeals. But assuming that it was not and the case was dismissed against Ann Yager, or assuming that the Kansas City Court of Appeals had reversed the judgment outright, on the appeal of Ann Yager: could the appellant contend that there would be no judgment against Josephine Wells, by reason of the reversal of the judgment against Ann Yager? We say not. Josephine Wells withdrew her answer and final judgment was entered disposing of all the issues and all the parties to the suit. That judgment became final, as to Josephine Wells, with the expiration of the term of court at which the judgment was entered; and no court had the power to set it aside except in a direct proceeding brought for that purpose. [4 C. J., page 1206 (3251) and cases cited; Smith v. Anglo-California Trust Co., 271 Pac. (Cal.) 1. c. 902; State ex rel. Rankin v. Banking

Corp. of Mont., 257 Pac. (Mont.) 1020; Dalton v. Rhodes Motor Co., 120 So. (Miss.) 821; Copeland v. Dixie Lumber Co., 57 So. 124; State ex rel. v. Haid, 328 Mo. 208, 40 S. W. 1048.]

Josephine Wells was not a party to the case before the court of appeals. Therefore, that court could not enter any order affecting the judgment against her. In 96 Am. St. 127, we read:

"It is surely essential to the operation of a judgment of an appellate court that it have jurisdiction of the parties to be affected. It necessarily follows that the effect of a reversal must be restricted to the parties who, by notice or other process, have been made parties to the appeal."

We have no fault to find with the cases cited by appellant. However, an examination of them will disclose that they support the rule, where the rights of the parties not appealing are so interwoven and dependent upon the rights of the parties appealing that a reversal of the case will necessarily reverse the judgment as to all parties. That rule does not apply in this case. State v. Blackmore, 205 S. W. l. c. 627 (1-5). The judgment against Josephine Wells was a final valid judgment and was not affected by the reversal of the judgment against Ann Yager. The judgment against Josephine Wells was not dependent upon the judgment against Ann Yager. [Shuff v. Kansas City, 282 S. W. 1 c. 129, 130 (3).] Plaintiff, during the trial, or at any time subsequent thereto, could have dismissed, as to Ann Yager, and this action would not have affected the judgment against Josephine Wells. [State ex rel. v. Haid, 328 Mo. 208, 40 S. W. (2d) l. c. 1049, 1050 (1, 2).]

A judgment creditor, in this case The Peoples Bank of Glasgow, is entitled to have an execution issued, after a judgment has been entered in its favor, unless an appeal bond has been given as provided in Section 1022, Revised Statutes 1929. Since plaintiff was entitled to a judgment against Josephine Wells, irrespective of its rights against Ann Yager, a reversal of the judgment, on the appeal of Ann Yager, did not inure to the benefit of Josephine Wells, who suffered a judgment to be entered against her and did not appeal.

The trial court was correct in its finding that the Peoples Bank of Glasgow acquired the title and interest of Josephine Wells, at the execution sale, and was the owner of a one-fifth interest in the lands described.

The judgment of the lower court is affirmed. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.