LEE R. HARDWICK, Respondent and Cross-Appellant, v. KANSAS CITY GAS COMPANY, a Corporation, Appellant, and METROPOLITAN LIFE INSURANCE COMPANY, a Corporation, Respondent.—No. 39490.—195 S. W. (2d) 504.

Division Two, June 10, 1946.

*Charles M. Miller* for appellant Kansas City Gas Company.

102

*William G. Boatright* for respondent and cross-appellant Lee R. Hardwick.

*Clay C. Rogers* and *Mosman, Rogers, Bell & Conrad* for respondent Metropolitan Life Insurance Company.

BARRETT, C.—The basement of the Grand Avenue Temple Building in Kansas City extends out underneath the Grand Avenue sidewalk. On the 17th day of November, 1939 there was a violent explosion in the basement of the building. Margaret Hardwick, the plaintiff's wife, was standing in front of the building, waiting for

him, when the explosion blew up the sidewalk, causing her death. In this the second trial and appeal the husband recovered a judgment of $10,000.00 against the appellant Kansas City Gas Company.

The plaintiff claimed that the explosion and his wife's death were due to the concurrent negligence of the gas company and the owner of the building. But upon the first trial the jury found for the defendant Metropolitan Life Insurance Company, the owner of the building, and against the defendant Kansas City Gas Company. The plaintiff, Hardwick, did not appeal from the judgment in favor of the owner of the building. The gas company did appeal and the judgment was reversed and remanded because, as against the appellant gas company, the time for taking certain depositions in Texas had been improperly shortened. Hardwick v. Kansas City Gas Company, 352 Mo. 986, 180 S. W. (2d) 670. Because the mandate and opinion of this court upon that appeal was a general judgment of reversal the plaintiff claimed that a new trial had been granted as to all parties and all issues and that he was entitled to a retrial as to the owner of the building as well as against the gas company. The trial court was of the contrary view and the plaintiff appeals from the trial court's ruling restricting his claim and proof to negligence on the part of the gas company.

The plaintiff's theory is that the effect of our judgment is not to be determined by the issues considered upon the appeal nor by what parties appealed but solely from the force of the fact of its being a general judgment remanding the cause for a new trial. It is insisted that ▇▇▇ the effect of the general judgment, without specific restriction as to the issues to be retried, was to remand the cause for all purposes and as to all parties. There can be no question as to the validity of the plaintiff's argument in general. An appellate court may reverse and remand a cause specifically limiting the issues to be retried, certainly so when there is an appeal by all the parties or by all the parties on one side. Yerger v. Smith, 338 Mo. 140, 89 S. W. (2d) 66; Hoelzel v. Chicago, R. I. & P. Ry. Co., 337 Mo. 61, 85 S. W. (2d) 126; Denny v. Guyton, 327 Mo. 1030, 40 S. W. (2d) 562. Nor can there be any doubt but that the general remanding of a cause for a retrial, without qualifying or limiting the scope of the order of reversal, sets aside the entire judgment appealed from and opens the case for a retrial of the entire controversy. Laughlin v. Boatmen's Nat. Bank of St. Louis, 354 Mo. 467, 189 S. W. (2d) 974, 977. Furthermore, under certain circumstances, particularly "if to do so is essential to justice" (Wollman v. Loewen, 108 Mo. App. 581, 591, 84 S. W. 166, 169; Mo. R. S. A., Sec. 1229; Civil Code of Mo., Sec. 140(c) ), or the interests of the parties are dependent (McGinnis v. Chicago, R. I. & P. Ry. Co., 200 Mo. 347, 98 S. W. 590) or a retrial of the issues necessarily affects nonappealing parties, the appellate court may, even by its general judgment or specifically, remand a

cause for retrial even as to the nonappealing parties. 5 C. J. S., Secs. 1933, 1951; 2 Houts, Missouri Pleading & Practice, Sec. 541. But none of these extraordinary and compelling circumstances are present in this case. Here, there being no motion for a new trial by the plaintiff after the jury's verdict upon the first trial, the judgment as to the owner of the building became final. Williams v. Pemiscot County, 345 Mo. 415, 133 S. W. (2d) 417. The defendants were alleged to be joint tort-feasors and their liability, if found, was joint and several. Consequently, their interests were not necessarily dependent and there was no manifest injustice in a finding against one and in favor of the other. Gay v. Kansas City Public Service Co. (Mo. App.), 77 S. W. (2d) 133. In the circumstances of this case the unappealed judgment in favor of the insurance company became final and was unaffected by our general judgment remanding the case as to the gas company,—even though there may be but one final judgment. Peoples Bank of Glasgow v. Yager, 329 Mo. 767, 46 S. W. (2d) 585; 3 Am. Jur., Sec. 1195; 5 C. J. S., Sec. 1920.

The evidence as to the source and cause of the explosion was circumstantial. The center or greater force of the explosion was in the vicinity of the gas meter on the west wall, and just above a manhole over the west end of a tunnel beneath the floor of the building. The explosion did not materially injure the west wall but it did wreck certain partition walls in the basement and, as we have said, blew up a large section of the sidewalk. After the explosion it was discovered that the gas company's four inch main in Grand Avenue was broken. The gas company sought to persuade the jury, with its evidence, that the explosion was due to conditions within the building, conditions over which the owner of the building and not the gas company had control, as it successfully did in another tragedy arising out of the same explosion. McMurray v. Kansas City Gas Co., 353 Mo. 1180, 186 S. W. (2d) 593. It was and is the gas company's theory that the explosion came from pipes within the basement and that the explosion broke the four inch main. The gas company's evidence, if accepted by the jury, showed that the house gas pipes leaked, and that the gas and sewer pipes were improperly installed and maintained and that there was escaping sewer gas. It showed that the owner's tunnel beneath the basement floor was particularly hazardous because of the pipes within and the manner in which it was maintained. The gas company also showed that all parts of the premises for which it would be responsible had been regularly inspected and that every reasonable precaution had been exercised by it.

But, the gas company's four inch main was cast iron and had been in use for thirty-five years. It was laid in a trench about two and one-half feet below the surface of the street, backfilled with clay dirt which contained some rocks. Over the trench there was concrete paving nine to sixteen inches in depth and a three inch covering of asphalt.

The main was about six feet from the curb line of the building. It was broken thirty-five feet south of the point the service pipes entered the basement or about forty-two feet from the center of the explosion. Shortly after the explosion there was an odor of natural gas at the opening in the sidewalk at the street level. Soil removed from around the broken main had a bluish or grayish cast as if discolored by gas escaping over a long period of time.

In view of all these circumstances the plaintiff used expert witnesses who gave it as their opinions that the explosion was a natural gas explosion. They testified, in their opinions, that the four inch main was improperly laid, both as to depth and the nature of the back-filling of clay and rocks, especially in view of the vibrations from the heavy vehicular traffic on Grand Avenue. They gave it as their view that the main had been broken a long time, not by the explosion, and that gas had escaped from the broken main, followed the path of least resistance down the trench of clay and rock to a pocket near the west wall and on into the tunnel.

The detailed facts are most accurately set forth in Stephens v. Kansas City Gas Company, 354 Mo. 835, 191 S. W. (2d) 601. The gas company's protestations to the contrary notwithstanding, there is no substantial difference in the facts and circumstances of that case and this one. Consequently, it is not necessary to again accurately detail the evidence. Furthermore, despite the appellant's insistance and the court's admitted fallibility, that case, in our judgment, was correctly decided.

It is again urged, however, that it was error to admit the testimony of the plaintiff's experts because they were not qualified, stated mere conclusions based upon conjecture and speculation rather than opinions based on facts and invaded the province of the jury by deciding ultimate questions rather than leaving them to the jury to find or infer as facts. A comparison of the records in this and the Stephens case reveals that except for one witness, Leonard, and except for the fact that some of these witnesses testified for the owner of the building in the Stephens case, rather than for the plaintiff, the witnesses are the same and the force and purport of their evidence almost identical in both cases. In each instance, in this case, the trial court carefully insisted upon proof of the witness' experience and qualifications before he was permitted to express his opinion upon the various problems posed by the circumstances and there was no abuse of the court's discretion in this respect. Arnold v. Alton Railroad Co., 348 Mo. 516, 523, 154 S. W. (2d) 58, 62. The source and cause of the explosion, particularly in the circumstances of this case, were technical matters, not within the ordinary experience of laymen, and were peculiarly susceptible to opinion evidence of experts. Miller v. Great American Ins. Co. (Mo. App.), 61 S. W. (2d) 205, 207. As was fully pointed out in the Stephens case, 191 S. W. (2d) l. c. 606-

607, there was no prejudicial error in the admission of the experts' testimony.

It is insisted by the gas company, assuming the admissibility of and considering the opinion evidence together with all the facts and circumstances, that there was nevertheless insufficient evidence upon which to predicate liability and hence it was error to give the principal instruction offered by the plaintiff and to refuse the appellant's motion for a directed verdict. It is said, since there were two sources from which the gas could have come, that the circumstantial evidence was insufficient to prove with any degree of certainty that it came from the four inch main or that the company's negligence contributed in any manner to its escape and the explosion. It is urged that the circumstantial evidence here does not have the slightest tendency to exclude all other reasonable conclusions than the principal one that gas escaped from the main or that the company was negligent with respect to the main, the escaping gas and the explosion. Fritz v. St. L. I. M. & S. Ry. Co., 243 Mo. 62, 78, 148 S. W. 74. It is urged that the jury's verdict is based upon conjecture and speculation (Pape v. Aetna Casualty Co. (Mo. App.), 150 S. W. (2d) 569, 572-573) and that there is no evidence from which the jury could find the gas company's liability, as was true in the explosion cases of Fuchs v. City of      St. Louis, 167 Mo. 620, 67 S. W. 610; Nomath Hotel Co. v. Kansas City Gas Co., 204 Mo. App. 214, 223 S. W. 975 and St. Marys Gas Co. v. Brodbeck, 114 Ohio St. 423, 151 N. E. 323.

On this subject but little can be added to what was said in the Stephens case. It is true that much of the evidence is circumstantial and that some of the inferences must be drawn by choosing between the conflicting opinions of experts. But this is not to deprive the jury of its right and function to find some of the facts, even some facts essential to the plaintiff's case, by reasoning upon the evidence, even circumstantial evidence, and inferring from such evidence that a certain required thing or fact existed or was true. Thayer, Preliminary Treatise On Evidence, pp. 193-194; Van Brock v. First Nat. Bank, 349 Mo. 425, 431-434, 161 S. W. (2d) 258, 260-261. Admittedly the four inch main was broken. It was laid upon solid rock but two and one-half feet below the surface of the street. According to the plaintiff's evidence it was improperly laid and backfilled and it could have been broken by the vibration of the heavy traffic. At least, according to the plaintiff's evidence, it was not broken by the explosion. The plaintiff's evidence reasonably showed that gas escaping from the main could and probably would flow or be forced down the trench to the point where it accumulated in such a quantity, with the proper mixture of air, that it would cause a most violent explosion when ignited. Without further demonstrating, from the facts and circumstances, the validity of the jury's finding it is our view that there was probative evidence which meets any of the syllogistic tests from which the gas

company's liability could reasonably be found. It follows that there was no error in overruling the motion for a directed verdict and submitting the cause upon the hypothesis of instruction number one. Stephens v. Kansas City Gas Co., supra.

Mr. A. N. Adams, Jr., a prominent lawyer, was called from home immediately after the explosion. He represented a client, one not interested in this suit, who was or might become interested in matters arising out of the explosion. He testified that he observed certain test holes the gas company had drilled along its main and certain excavations it had made. Over the company's objection he was permitted to testify that as he stood in a second story window of the building, looking down upon the work, he saw two men take something out of the trench and run across the street with it to the company's office. The impression he conveyed was that it was a piece of the four inch gas main. He said that he went to the building across the street and requested permission to see what had been taken out and was referred to the company's claims attorney, Mr. Taylor, who was there. Mr. Taylor denied him permission to see and examine whatever had been removed, although Mr. Adams told him who he was and why he was there. He further indicated that company employees had so conducted themselves and refilled certain of the excavations that he was unable to observe the character of the dirt removed from the trench. The gas company urges, without citation of authority, that this evidence was improperly and prejudicially admitted. But, even though Mr. Adams may have been mistaken as to what the company's employees actually removed from the trench (Mr. Taylor did not testify) yet, if they in fact concealed some piece of evidence the jury could properly draw an unfavorable inference from the fact of concealment. Derrington v. Southern Railway Co., 328 Mo. 283, 291, 40 S. W. (2d) 1069, 1072.

After the gas company had concluded its testimony it claimed the right and offered to read from the plaintiff's petition, upon which the cause was twice tried, the allegations with reference to the Metropolitan Life Insurance Company, including the charges of joint and concurrent negligence. The gas company, relying upon the cases which hold that "parties are absolutely concluded by the statements contained in their pleadings" (Davis v. Bond, 75 Mo. App. 32, 35) and that they are "estopped to contradict allegations or admissions" of their pleadings (Kelley v. Briggs (Mo. App.), 290 S. W. 105) assigns error upon the court's exclusion of the pleading. Without citation of authority, the plaintiff contends that there was no inconsistency in his allegations against the owner of the building and his allegations against the gas company and, therefore, the allegations and specifications of joint and concurrent negligence were not admissions against interest. The gas company's position fails to distinguish between the use of pleadings containing admissions against

interest as evidence and their office and use as pleadings. Annotations 90 A. L. R. 1393; 14 A. L. R. 22, 23. As a general rule multiple pleas may not be used as admissions upon another issue in the same case. 4 Wigmore, Evidence, Sec. 1064(2); 20 Am. Jur., Sec. 635; 31 C. J. S., Sec. 302. The reason such pleas are not admissible, as a general rule, is that they do not possess the characteristics inherent in admissions against interest, rather than that they are not statements of fact against interest. 4 Wigmore, Evidence, p. 5. As in this case, while some of the allegations against the owner of the building may be statements of fact (and from the gas company's viewpoint construed against him) yet there is nothing self-contradictory in the allegations against the two alleged tort-feasors from which a discrediting inference, an inference of inconsistency, could or should be drawn against the plaintiff. 4 Wigmore, Evidence, Sec. 1048, pp. 2-6. The plaintiff's petition was, therefore, properly excluded as a piece of evidence in this case.

Finally, the gas company assigns error upon the refusal of its instruction N. The instruction defined "speculation" and "conjecture" and told the jury that they could not find a verdict for the plaintiff upon mere surmise or guesswork. The giving or refusal of this cautionary instruction was a matter within the trial court's discretion. Gardner v. Turk, 343 Mo. 899, 908, 123 S. W. (2d) 158, 162. The trial court could not possibly have abused its discretion in this respect because the court gave instruction E on the burden of proof which in the last sentence told the jury that "you cannot base a verdict against defendant, Gas Company, upon speculation or conjecture, but such proof must be established by credible and reasonably reliable evidence." McDonald v. Kansas City Gas Co., 332 Mo. 356, 366, 59 S. W. (2d) 37, 41.

There being no prejudicial error in the trial of this cause the plaintiff's appeal as to the Metropolitan Life Insurance Company is dismissed and the judgment against the Kansas City Gas Company is affirmed. *Westhues* and *Bohling, CC.*, concurs.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.