**REGENT COOPERATIVE EQUITY EXCHANGE, a cooperative association, Plaintiff and Respondent,**

**v.**

**JOHNSTON'S FUEL LINERS, INC., a corporation, Defendant and Appellant,**

**and**

**Leonard Prince, an individual doing business under the trade name of Regent Oil Company, Defendant and Respondent.**

**No. 8145.**

Supreme Court of North Dakota.

Aug. 21, 1964.

Rehearing Denied Sept. 11, 1964.

Conmy & Conmy, Bismarck, for defendant and appellant.

Orrin B. Lovell, Beach, and R. J. Bloedau, Mott, for plaintiff and respondent.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, and Rausch & Chapman, Bismarck, for defendant and respondent.

TEIGEN, Judge.

This is an appeal from an order granting a new trial to the codefendant Prince in an action in tort which named both defendants, Johnston's and Prince, as codefendants, and in which a single verdict was returned in favor of the plaintiff and against both defendants in the amount of $46,768.83 as a result of a gasoline fire.

This court in an earlier decision—122 N. W.2d 151—reversed a judgment notwithstanding the verdict in favor of Prince and remanded the case with instructions to enter judgment consistent with the verdict, subject to the right of Prince to proceed promptly to press for a ruling on his alternate motion for a new trial. After remittitur, the trial court granted a new trial to

Prince which is the subject of the instant appeal.

Johnston's, which is the defendant and appellant herein, moved for a judgment notwithstanding the verdict. This was denied by the trial court and affirmed in the former appeal.

This case was consolidated for trial with Chicago, Milwaukee, St. Paul and Pacific Railroad Company v. Johnston's Fuel Liners, Inc., 122 N.W.2d 140, and Newby v. Johnston's Fuel Liners, Inc., 122 N.W.2d 156. These cases were also appealed and our decisions are reported in the citations set forth above.

The trial court granted a new trial after remittitur in Chicago, Milwaukee, St. Paul and Pacific Railroad Company v. Johnston's Fuel Liners, Inc., supra, to Prince, who was impleaded in that case as a third-party defendant. This order was also appealed to this court and we render our decision in that case concurrently with the decision in this case. See Chicago, Milwaukee, St. Paul and Pacific Railroad Company v. Johnston's Fuel Liners, Inc., N.D., 130 N.W.2d 154.

The appellant has assigned the same specifications of error in each appeal. The cases were consolidated for trial and on the question of liability are dependent on the same causative facts. The same issues are raised in each appeal. Our decision in the above-cited Chicago case decides all of the issues raised in this case, except the third assignment of error. We adopt, by reference, our rulings in the Chicago case, except as to the third assignment.

The third assignment of error requires further attention because in this case Prince is a codefendant; whereas, in the Chicago case, supra, Prince is a third-party defendant impleaded for liability over.

The question for decision remaining may succinctly be stated as follows: Was it error for the trial court to reverse the judgment and grant a new trial to one codefendant in a tort action in which a joint and several judgment had been entered against both defendants as joint tort-feasors?

In defining the grounds of new trial, the appellant, Johnston's, argues that Rule 59 of the North Dakota Rules of Civil Procedure, which provides for new trials, does not provide, as does the Federal rule, that a new trial may be granted to all or any of the parties. It also argues that where the right to contribution or indemnity exists, as between joint tort-feasors, and a new trial is required as to one, both should be permitted to defend throughout the action.

It appears the common-law rule provides that a new trial as to some joint tort-feasors requires a new trial as to all. This rule, however, has been changed in many jurisdictions by statute and decisions. Under the modern rule it is generally, but not universally, held that a new trial may be granted as to a part of the defendants and the judgment or verdict allowed to stand as to others, if the new trial to a part of the defendants does not confuse the issues, and justice does not require a new trial as to all. 5 Am.Jur. 2nd, Appeal and Error, Sec. 950; 39 Am.Jur., New Trial, Sec. 25; 66 C.J.S. New Trial § 12b; and 143 A.L.R. 7.

The character of the common-law rule, as stated in the above citations, is not in harmony with the more flexible rules otherwise governing joint tort-feasors in this State. We have held that where a tort is committed by several persons, the injured party may proceed against them jointly or severally. Farmers' State Bank of Cathay v. Jeske, 50 N.D. 813, 197 N.W. 854. Joint tort-feasors are jointly and severally liable for the full amount of the detriment suffered by a party in favor of whom liability for injury arising from a common breach of duty has been established. Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240, and Truscott v. Peterson, 78 N.D. 498, 50 N.W.2d 245.

Section 32–30–01(2), N.D.C.C., provides that when a plaintiff proceeds against two or more defendants severally liable and one or more shall be served, he may proceed

against the defendants served in the same manner as if they were the only defendants. Subsection 3 of said section provides:

"Where all of the defendants have been served, judgment may be taken against any of them severally, when the plaintiff would be entitled to judgment against any one or more of such defendants if the action had been against such defendants or any of them alone."

Rule 50, N.D.R.Civ.P., providing for a motion for directed verdict in the trial court, provides that at the close of all of the evidence, "any party may move the court to direct a verdict in his favor upon one or more claims *and against one or more parties.*" (Emphasis supplied.)

Finally, Section 28–27–29, N.D.C.C., provides this court with the power on appeal from a judgment or order to "reverse, affirm, or modify the judgment or order *as to any and all of the parties,* and if necessary or proper, may order a new trial of the entire cause or of some specific issue or issues, * * *." (Emphasis supplied.)

The appellant cites Landseidel v. Culeman, 47 N.D. 275, 181 N.W. 593, 13 A.L.R. 1339, in support of its argument. In that case three defendants were sued jointly for damages arising out of malicious trespass against the person of the plaintiff. He had been arrested on a warrant issued on a complaint charging that the defendant (plaintiff in this case) used a fraudulent and false device to cheat the complainant. He was acquitted. The suit was brought against the signer of the criminal complaint, the attorney who advised him, and the justice of the peace who issued the warrant. The jury found for the plaintiff and assessed actual damages in the amount of $1,000 and exemplary damages in the amount of $3,000. On appeal from an order denying new trial, this court found the defendant justice of the peace had acted judicially and within his jurisdiction and that he was, therefore, not personally liable for damages resulting from the arrest and confinement of the defendant. It ordered the judgment reversed and remanded the cause for new trial as to all three defendants. In the opinion the court stated:

" * * * it appears that one of the defendants is not liable, the award of punitive damages cannot stand as to the codefendant."

We do not disagree with this decision because there was an award of punitive damages. Punitive damages are uncertain and dependent in a great measure upon the ability of the defendants to pay and are awarded at the discretion of the jury. This case does not hold that a new trial may not be granted to one of two defendants in the absence of a special reason.

Based on a full consideration of our various statutes, rules and decisions referred to above, we are of the opinion that the question of whether or not a judgment against the defendants, who are liable jointly and severally, is to be tested on the basis of those factors which have to do with the substantive rights of the defendant, whether it confuses the issues, and if justice requires a new trial as to all.

We believe that where the amount of damages sustained as a result of tort is certain, there may be no injustice in setting aside a verdict as to one of two or more codefendants and allowing the verdict to stand as to the other or others. The latter being both jointly and severally liable therefor, the plaintiff had a right to look to them alone.

■ We hold, therefore, that when a tort judgment against two or more defendants is vacated as to one of them and a new trial granted, the trial court need not for that reason alone vacate the judgment as to any of the others and it should not be vacated as to any of the others, unless it appears that because of an interdependence of the right of the defendants, or because of other special factors, it would be prejudicial or inequitable to leave the judgment standing against them. Such a holding is a reasonable corollary to the express provisions of Section 32–30–01(2), Chapter 32–38 and

Section 28–27–29, N.D.C.C., and former decisions of this court cited above, and in harmony with the modern rule as set forth in Corpus Juris Secundum, American Jurisprudence, and the A.L.R. annotation cited above.

■ We are satisfied the trial court has the power, in a proper case, to grant a new trial as to one codefendant and not to the other or others in a tort case if it does not confuse the issues, and justice does not require a new trial as to all.

The appellant's second argument is that where the right of contribution or indemnity exists as between joint tort-feasors, and a new trial is required as to one, both should be permitted to defend throughout the action and, therefore, new trial should be granted as to both. Appellant cites in support of its argument 143 A.L.R., pages 40 and 41. This State provides for contribution among tort-feasors. Chapter 32–38, N.D.C.C.

The argument has support as a qualification of the modern rule and has been applied where necessary to accord substantial justice to a codefendant as to whom no error was committed, but against whom the judgment might work an injustice if left intact.

The A.L.R. annotation cited by the appellant in support of his argument cites two Missouri Appellate Court cases which appear to support the appellant's argument. Mulderig v. St. Louis, K. C. & C. R. Co. (1906), 116 Mo.App. 655, 94 S.W. 801; and Miller v. United Rys. Co. of St. Louis (1911), 155 Mo.App. 528, 134 S.W. 1045. However, the Missouri Supreme Court in a series of cases has held that when no special reason exists, it may reverse as to one tortfeasor and affirm the judgment as to the others. Stotler v. Chicago & A. Ry. Co., 200 Mo. 107, 98 S.W. 509; Hoelzel v. Chicago, R. I. & P. Ry. Co., 337 Mo. 61, 85 S.W. 2d 126; Hardwick v. Kansas City Gas Co., 355 Mo. 100, 195 S.W.2d 504, 166 A.L.R. 556; and Lemonds v. Holmes, 360 Mo. 626, 229 S.W.2d 691.

In Hoelzel v. Chicago, R. I. & P. Ry. Co., supra, the Missouri Supreme Court held that where error necessitating a new trial affected the rights of the defendant as to liability only and there was no error with respect to other defendants, "the verdict as to both liability and amount of damages" could stand as against any defendant not prejudiced by the error. This doctrine has been followed and applied in several additional cases. McCombs v. Ellsberry, 337 Mo. 491, 85 S.W.2d 135; Yerger v. Smith, 338 Mo. 140, 89 S.W.2d 66; Lambert v. Jones, 339 Mo. 677, 98 S.W.2d 752; Brown v. Reorganization Inv. Co., 350 Mo. 407, 166 S.W.2d 476, and other cases.

The above annotation also cites Hamilton v. Prescott (1889), 73 Tex. 565, 11 S.W. 548. However, in Burton v. Roberson (1942), 139 Tex. 562, 164 S.W.2d 524, 143 A.L.R. 1, the court states that it does not adhere generally to the common-law rule but that it is manifest that the "substantial injustice" exception has been properly recognized and applied in some cases, citing Hamilton v. Prescott, supra. The court, in the Burton case, holds that a judgment may be set aside and new trial granted as to one defendant and permitted to stand as to the other two defendants who were sued as joint tort-feasors where the "substantial injustice" exception does not apply. See also S. H. Kress & Co. v. Selph (Tex.Civ. App.), 250 S.W.2d 883.

■ The "substantial injustice" exception to the modern rule does not apply in the instant case. The appellant has not pointed out any error in the trial that affected the parties jointly. No issue is raised as to the amount of damages awarded the plaintiff. The damages awarded were actual damages. No punitive or exemplary damages were asked for or allowed. The amount of damages is not in issue.

■ The trial court, however, granted Prince a new trial on the question of liability and also the "amount of plaintiff's damages, if any." The plaintiff's damages were established in the trial and the court has

not pointed out any reason why the evidence is insufficient to support the verdict on this issue and counsel has urged none. We find the evidence is sufficient to sustain the verdict in this respect and, therefore, the trial court abused its discretion in granting new trial on this issue. The trial court was not required to grant new trial on all issues. Deschane v. McDonald, N.D., 86 N.W.2d 518. We, therefore, modify the order of the trial court by limiting the issue for new trial to the question of liability, if any, of Prince.

, The order granting new trial is ordered modified in conformity with this opinion and, as modified, it is affirmed.

MORRIS, C. J., and BURKE and ERICKSTAD, JJ., concur.

STRUTZ, J., did not participate.

On Petition for Rehearing.

TEIGEN, Judge.

■ The appellant has petitioned for a rehearing upon several grounds. All of them have been fully discussed and disposed of in the original opinion with one possible exception. The appellant states that we failed to pass on assignment of error No. 5, in which it urges that the trial court in its order directing judgment notwithstanding the verdict also denied the motion for new trial. This point was disposed of in the first appeal of this case reported in 122 N.W.2d 151, by reference to the reasoning set forth in Chicago, M., St.P. & P. R. Co. v. Johnston's Fuel Liners, N.D., 122 N.W. 2d 140, which case was consolidated for trial with this one. We reversed the judgment notwithstanding the verdict and ordered judgment entered consistent with the verdict, subject however to the right of Prince to proceed promptly for a ruling on his motion for a new trial. For this reason this matter is now res judicata.

The appellant also argues that the opinion lacks clarity in that it does not make clear whether the judgment is final as against Johnston's Fuel Liners. The trial court, in its order granting Prince a new trial, stated:

"That this Order shall in no manner affect or set aside the Judgment of the Plaintiff in the above entitled action against the Defendant, Johnston's Fuel Liners, Inc., a corporation."

In our decision affirming the trial court's order we did not modify this part of the order. Further, the appellant has not moved for a new trial. Petition for a rehearing is denied.

MORRIS, C. J., and BURKE and ERICKSTAD, JJ., concur.

STRUTZ, J., did not participate.