JACKSON ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* NATIONAL GAS & OIL CO. ET AL., APPELLEES; BOARD OF LICKING TOWNSHIP TRUSTEES, APPELLEE AND CROSS-APPELLANT.

[Cite as Jackson *v.* National Gas & Oil Co. (1984), 12 Ohio St. 3d 329.]

(No. 83-34—Decided August 15, 1984.)

*Messrs. Glander, Brant, Ledman & Newman, Mr. Douglas S. Roberts* and *Mr. Charles E. Brant,* for appellants and cross-appellees.

*Messrs. McNamara & McNamara* and *Mr. John L. Miller,* for appellee National Gas and Oil Co.

*Messrs. Reese, McNenny, Pyle & Drake, Mr. James H. McNenny* and *Mr. Gerald A. Erhard, Jr.,* for appellee and cross-appellant Board of Licking Township Trustees and appellee Dwight Wince.

*Per Curiam.* The first issue we address is the propriety of the order dismissing Dwight Wince. Contrary to the assertions of appellants, this dismissal was not based on the doctrine of sovereign immunity. In fact, R.C. 5571.10 specifically provided that:

"Each board of township trustees shall be liable, in its official capacity, for damages received by any person, firm, or corporation, by reason of the negligence or carelessness of such board in the discharge of its official duties."

Wince was properly dismissed because his alleged negligent activities were for actions in his official capacity, while appellants brought this action against him individually.

The second issue is whether a report of an expert is admissible against the party who commissioned the report as an exception to the hearsay rule.

Appellants maintain that the admission of the S.E.A. reports is inadmissible as hearsay, contrary to the decision of the court of appeals below which held that the reports were properly admitted.

Appellees argue that Evid. R. 803(6), the business records hearsay exception, allows the admission of the S.E.A. reports.

Evid. R. 803(6) provides that the following is not excluded by the hearsay rule:

"Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all. as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

The record clearly discloses that the S.E.A. reports were prepared in the ordinary course of business. Testimony by the author of one of the reports satisfied the foundational requirements for admission, and appellants have not demonstrated that the reports lacked trustworthiness. As the reports were within the business records exception, they were properly admitted.

The board cross-appeals from the judgment of the court of appeals which held the trial court's exclusion of the National Gas report and the testimony of appellants' expert to be improper. The National Gas report came within the business records exception, and thus was not properly excludable as hearsay. The opinion of appellants' expert was relevant to the question of whether the gas line was adequately protected. Testimony in the form of an opinion otherwise admissible is not objectionable solely because it embraces an ultimate question of fact.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. I dissent from this court's affirmance of that part of the judgment of the court of appeals which reversed the trial court's judgment notwithstanding the verdict in favor of appellees National Gas and the board of trustees. Such reversal by the court of appeals was conditioned upon its ruling remaining undisturbed that the trial court committed error prejudicial to appellants by excluding certain evidence offered by appellants as discussed in assignments of error 7, 8, 9, 10, 12 and 13 filed in the court of appeals. The court of appeals ruled that upon the admitted evidence the trial court did not err in granting judgment notwithstanding the verdict if the trial court correctly excluded the evidence described in the aforementioned assignments of error. I disagree with this conditional affirmance of the judgment notwithstanding the verdict for the following reasons. I conclude that, with or without the challenged evidence it was reversible error for the trial court to grant a judgment notwithstanding the verdict.

With or without the evidence favorable to appellants excluded by the trial court, the evidence admitted and considered by the jury created a jury issue of negligence and proximate cause regarding the explosion which destroyed the Jackson house as to both National Gas and the board. There was more than a preponderance of evidence that appellee National Gas negligently failed to protect the pipes when the board informed it that it would be laying the culvert directly on top of the gas line. National Gas negligently failed to follow its own procedures to inspect the construction work after it was com-

pleted to determine that the gas line had not been disturbed or damaged. It negligently failed to inspect the gas line in order to report the presence of the culvert directly on top of the gas line.

A gas company has a duty to maintain its lines in good repair, to make necessary and timely inspections thereof, and to exercise ordinary care to determine that its mains are in such condition as to prevent leakage of gas. It has a further duty not to place its gas line too close to the surface, where such lines can be exposed to temperature changes, vibrations of passing traffic or a settling of ground, and has a duty to inspect work of contractors digging in the vicinity of the lines. *Thompson* v. *Ohio Fuel Gas Co.* (1967), 9 Ohio St. 2d 116 [38 O.O.2d 294]; *Springfield Gas Co.* v. *Herman* (1933), 46 Ohio App. 309; *Lund* v. *Mountain Fuel Supply Co.* (1961), 12 Utah 2d 268, 365 P. 2d 633; *Hardwick* v. *Kansas City Gas Co.* (1946), 355 Mo. 100, 195 S.W. 2d 504; *Brown* v. *Wisconsin Natural Gas Co.* (1973), 59 Wis. 2d 334, 208 N.W. 2d 769. In this case the jury could determine that National Gas was negligent for its failure to locate the gas line at a greater depth in the culvert or its failure to put the line inside a protective sheath.

The board was also negligent in failing to protect the pipe with adequate cover, and by using a grader with a blade to dig out the ditch at the location of the gas line. After the explosion the pipe revealed a dent from a powerful, external blow.

Accordingly, there was evidence to establish that the negligence of the two appellees combined to create a crack in the gas line and a consequent leak into the drain tile which followed the tile into the basement of the house, igniting and causing the explosion.

There was no legal or factual basis to disturb the jury verdict of $44,000 in favor of appellants, either by granting appellees a judgment notwithstanding the verdict or by conditionally granting a new trial. The appellants correctly assert their right to a reversal of the court of appeals' judgment and to reinstatement of the judgment on the jury verdict of $44,000 in their favor in the trial court and against the appellees, National Gas and the board.

This is another instance of many where this court is establishing standards and a precedent approving the actions of the trial and reviewing courts to destroy the function and purpose of a jury trial. It is an invasion and erosion of the constitutional right to a jury trial in a civil action for damages. There was ample evidence in the trial court to support the jury verdict for appellants. Improperly excluded evidence on the cost of repairs if it had been admitted would have supported a jury verdict in an even greater sum of $49,734.

If this case is an example where a jury verdict for plaintiffs should be vacated or a judgment notwithstanding the verdict granted to defendants, then almost every jury verdict should be subject to destruction at the whim and caprice of the trial judge or a reviewing court.

I dissent also from that part of the judgment of the court of appeals that evidence of the cost of repairs to the house was properly excluded by the trial court. There was uncontroverted evidence submitted that the house could

have been repaired. The owner of real property may recover as damages the reasonable cost of repairs to such property made necessary by wrongful acts, unless it should appear that the amount thus determined is greater than the difference between the value of the property just before the damage occurred and immediately thereafter, in which event the difference in such values is the amount of damages recoverable. *Ohio Collieries Co.* v. *Cocke* (1923), 107 Ohio St. 238; *Norwood* v. *Sheen* (1933), 126 Ohio St. 482; *Standard Hocking Coal Co.* v. *Koontz* (1915), 5 Ohio App. 84; *Koch* v. *O'Brien & Nye Cartage Co.* (1942), 37 Ohio Law Abs. 270.

I further criticize the *per curiam* opinion for failing even to address the primary issues in this case as analyzed in this dissent. The *per curiam* does not even mention whether the conditional grant of judgment notwithstanding the verdict for defendants was proper, nor whether a jury issue is presented.