[File No. 6704.]

ERNEST E. OSTMO, Respondent, v. ALFRED TENNYSON, Appellant.

(296 N. W. 541.)

Opinion filed February 25, 1941.

*Carroll E. Day,* for appellant.
*Fred E. Harris,* for respondent.

BURR, Ch. J. This is an appeal from a judgment entered January 31, 1940, and from the order denying a motion for a new trial made March 20, 1940. It is important to note the latter date because of the attitude of appellant with reference to a subsequent motion for a new trial based upon the ground of newly discovered evidence, which motion was overruled.

There was a collision between a truck being driven westward by the plaintiff on highway No. 2, and an automobile being driven northward by the defendant at right angles to the highway, and near Emerado. In his complaint, plaintiff charges the collision was caused by the negligence of the defendant and that he suffered damages to his truck in the amount of $500, and damages to his person by reason of broken ribs, loss of time, medical service, etc., so that he asked for judgment for $1,000. The defendant denies specifically that the plaintiff was the owner of the truck, denies negligence on his own part, and, as a counterclaim, he alleges the collision was caused by the negligence of the plaintiff, and that defendant suffered damages to his car in the sum of $200. The jury found in favor of the plaintiff and on January 31, 1940, judgment was entered accordingly.

In February, 1940, defendant moved to set aside the verdict and judgment, and for a new trial, basing his motion on the grounds that the court erred in sustaining objections to the defendant's offer of proof to show "that plaintiff had purchased the truck involved in the accident on a conditional sales contract from the Forx Motor Sales, Inc., that there was default in the terms of said contract before the accident

complained of and that the plaintiff had lost possession of said vehicle before the commencement of the suit and before the trial. That the legal title and the right to possession was vested in the Forx Motor Sales, Inc., before the accident; that plaintiff suffered no damage or loss by reason of collision; that plaintiff had no legal title to said vehicle and had lost the right to possession thereof before the collision and before the trial of the said action;" that the court erred in rejecting defendant's offer of proof "as to the actual damage or loss suffered by the plaintiff, by refusing the defendant to show the amount which plaintiff actually received for said damaged truck after the accident and before the said vehicle was repaired.

"That the court erred as a matter of law in refusing to receive the defendant's testimony to the effect that the measure of damages, if any, would be the differences in the amount of the value of the truck before the accident and the amount which plaintiff was allowed for said truck after the accident and before repair.

"That the court erred as a matter of law in this particular case in adopting the rule of cost of repairs as the measure of damages where the truck was disposed of before repair was made.

"That there was irregularity in the proceedings of the court during the conduct of the trial in this that one H. A. Ulvedahl was sworn and testified as a witness for and on behalf of the plaintiff during the trial, that thereafter the said H. A. Ulvedahl was sworn as a bailiff and placed in charge of the jury during their deliberations which was prejudicial to the defendant;" that the evidence is insufficient to sustain the verdict; and that the verdict and judgment is contrary to the law, as the evidence conclusively shows as a matter of law "the plaintiff was exceeding the speed limit and was guilty of contributory negligence."

This motion for a new trial was denied March 20, 1940. On May 17, 1940, the defendant appealed to this court as hereinbefore indicated, and on August 8 served the specifications of error on appeal, wherein he sets forth five allegations of error in the instructions to the jury, specifying certain portions of the instructions. He further specifies "That the court erred in instructing the jury in this: That the instructions taken as a whole are favorable to the plaintiff and prejudicial to the defendant." He alleges further error "in failing to instruct on the issue of last clear chance under the pleadings in the case." There are

further allegations to the effect that the court erred in denying the defendant's motion for judgment notwithstanding the verdict or for a new trial, and "That the verdict is not justified by the evidence, and is contrary to law."

Upon argument in this court, appellant was met with motions to strike from the record certain papers and documents included in the statement of the case, and objections to the hearing of the appeal on the ground that the trial court had erred in extending time for the settlement of the case upon insufficient showing. We need not pass upon these motions because of the disposition which is made of the case on its merits.

On July 5 defendant made a second motion for a new trial, setting forth therein some of the grounds included in the first motion for a new trial, and, in addition, claimed newly discovered evidence. In this second motion the defendant alleges certain grounds wherein the evidence is insufficient to justify the verdict and certain rulings of the court in the admission of testimony, and additional allegations of error in instructions. The trial court denied this motion, and the defendant seeks on this appeal to review what he terms to be the errors of the court on that motion.

It will be noted this application for a new trial, based upon the ground of newly discovered evidence and the additional allegation of error was made more than three months after the motion for a new trial was denied and almost two months after the appeal had been taken, and no appeal was taken from the order of the court denying this second motion for a new trial. On this appeal, therefore, we cannot consider this second application for a new trial, any of the additional grounds set forth therein, nor the order denying the motion. That order is not before us. See Paulsen v. Modern Woodmen, 21 N. D. 235, 130 N. W. 231; Heald v. Strong, 24 N. D. 120, 138 N. W. 1114; Shockman v. Ruthruff, 28 N. D. 597, 149 N. W. 680; Chaffee Bros. Co. v. Powers Elevator Co. 41 N. D. 94, 170 N. W. 315.

In justice to the appellant, it is but fair to say that a great deal of the delay which took place between the time of appeal and the time of presenting the case in this court was occasioned doubtless by the numerous changes of counsel for the defendant—changes that were based upon

good grounds not in any way reflecting upon any of the counsel—and the present counsel for the defendant evidently considered that some matters had been omitted in the first motion for the new trial.

There is much confusion in the record on the matter of the error on the part of the trial court in permitting one H. A. Ulvedahl, who was sworn and testified as a witness for and on behalf of the plaintiff, to be a bailiff or one of the bailiffs having charge of the jury. There is nothing in the record showing any objection on the part of the defendant to the selection of the bailiffs. The minutes of the court says, "Bailiffs sworn and jury retired in charge of Bailiffs Messrs. Stewart & Ulvedahl." There was no Ulvedahl sworn as a witness so far as the transcript shows, and the certificate to the transcript says it is "a full and correct record of all proceedings which they purport to, and do, contain."

The memorandum opinion of the trial court, made on the motion for a new trial, says Mr. Ulvedahl "was one of the regularly appointed and acting bailiffs at the January Term of this court. Mr. Ulvedahl was called as a witness for *the defendant*. After the jury had been instructed Mr. Ulvedahl, and the other bailiff, were sworn in as bailiffs to take charge of the jury in this case. . . . There is no claim in this case that Mr. Ulvedahl, as bailiff, was at any time present in the jury-room, or that he communicated with any of the jurors. It did not occur to the court at the time Ulvedahl was sworn in as a bailiff that there would be any irregularity in regard to his acting as a bailiff, and it evidently did not occur to the counsel on either side. The attorney for the defendant as well as the defendant was present in court when the oath was administered to Mr. Ulvedahl and the jury retired in charge of the bailiffs."

The transcript does not show H. A. Ulvedahl as a witness at all, though the clerk's minutes says he was sworn. One A. J. Haugedal was sworn as a witness for the plaintiff, but we find nothing in his testimony or in the record to show that he was the bailiff; though appellant's brief indicates he has Haugedal in mind. In any event, there is nothing to indicate any interference with the proper administration of justice, any prejudice to the appellant, or anything to suggest any attempt on the part of any bailiff to influence the jury. That a bailiff may have

been a witness for a party is not in itself reversible error in the absence of any showing the appellant was prejudiced thereby.

The mere fact that an officer may be a witness does not in itself indicate that his connection with the jury may be reversible error, and the memorandum opinion of the court shows quite conclusively that if H. A. Ulvedahl and A. J. Haugedal are the one and the same person, and that the bailiff was a witness for the plaintiff, instead of for the defendant as stated in the memorandum opinion, this in itself does not show any irregularity, or prejudice.

No rule is better settled in this jurisdiction than that upon an appeal from an order denying a motion for a new trial, this court does not review any alleged errors not brought to the attention of the trial court upon the motion. Consequently, we do not review the alleged errors in the instructions to the jury, nor the alleged error in failure to instruct, nor the allegation that "the instructions taken as a whole are favorable to the plaintiff and prejudicial to the defendant." O'Dell v. Hiney, 49 N. D. 160, 163, 190 N. W. 774; Ruble v. Jacobson, 51 N. D. 671, 200 N. W. 688. This applies to alleged errors in the instructions. Jensen v. Clausen, 34 N. D. 637, 643, 159 N. W. 30.

No exceptions to the instructions were filed at any time, nor was the attention of the trial court called to these alleged errors. A cursory examination of the charge indicates a fair and fairly complete charge, and so the alleged errors with reference to the charge are not considered.

Both on the motion for a new trial and on this appeal the appellant specifies that the verdict is not justified by the evidence, but nowhere on this appeal does he show wherein the evidence is insufficient. On the motion for a new trial, the only reference to insufficiency is the statement that the evidence "conclusively shows as a matter of law that the plaintiff was exceeding the speed limit and was guilty of contributory negligence," and we are satisfied the evidence on these points is quite debatable.

As a matter of practice and procedure, we call attention to this factor on the appeal—nowhere in referring to the alleged errors in the motion for a new trial and the specification of errors does the appellant point out the portion of the transcript to which the alleged error applies. It is true that in the "Statement of Facts," which covers a little over two pages of his brief, he does refer to the page and line of the transcript

where the evidence he has in mind is found; but in his argument, stress is laid frequently upon alleged offers of proof, and we are required to search the transcript to find where these offers are indicated. As the transcript consists of over two hundred pages, the burden of the court is not lightened as should have been done.

We need not review the evidence in its entirety. There is conflicting testimony—given mainly by the parties to this action—on all matters involved in the issues. It is sufficient to say the conflict is of such a character that the trial court was required to submit these issues to the jury. The jury found for the plaintiff, and the verdict returned is controlling.

A goodly portion of the brief is devoted to the alleged error in denying defendant's offer of proof relative to plaintiff's ownership of the truck at the time of the collision, and also as to how much, if anything, he received for the truck after the collision.

The only offer of proof we can find in the record is the one which was made at the time defendant was cross-examining the plaintiff in regard to repairs that were made upon the truck after the accident; and it differs radically from the offer as stated in the specification of errors. Defendant attempted to show that after the accident the truck was taken to the dealer and repairs made at no expense to plaintiff; and he claims, therefore, that if the dealer repaired the truck without any expense to the plaintiff, the plaintiff was not damaged "and he has had no expense whatsoever," and "We can even show it (the damage) is all settled." On this question addressed to the plaintiff—"As a matter of fact, didn't they (the dealer) pay for the repairs themselves?"—the court sustained an objection, and the defendant then made this offer of proof: "The defendant offers to prove to this court that after the accident involved in this lawsuit the plaintiff delivered the truck to the Forx Motor Sales Company, from whom he had originally bought it, and that he received from the Forx Motor Sales Company the full value of the truck, without any deduction for any damage which the truck had sustained, and that the plaintiff has not suffered any loss so far as the truck is concerned, due to the accident for which this action has been brought."

To this offer plaintiff objected, and defendant continued: "May I add further to that offer of proof that the plaintiff had sold and as-

signed his interest in the property to the Forx Motor Sales Company before the trial of this lawsuit."

Objection was made to this, and the court sustained it. There is no error shown in sustaining this objection. An offer of proof must be definite enough so that the court can know what facts are sought to be introduced in order to see whether these facts would have any bearing upon the case. The court is not required to sift the good from the bad, nor to guess at what the offerer has in mind. Krogh v. Great West Life Assur. Co. 55 N. D. 722, 214 N. W. 897.

If the defendant caused the collision so that by his negligence the plaintiff's truck was damaged, he is responsible for the damages, and he cannot take advantage of the fact that some one may have repaired the truck without charge, or that some friends may have contributed to the cost, or that some dealer may have been generous enough to give plaintiff a brand new truck in place of the old one. If the plaintiff got more for the wrecked truck than it was reasonably worth so that a purchaser had paid more for the wreckage than its actual value, the defendant cannot claim this as an offset. One of the problems for the jury to determine was what, if any, was the damage inflicted by the defendant upon the truck, and the court was justified in sustaining the objection to these offers of proof.

It is true the pleadings raised the question of plaintiff's ownership of the truck at the time of the accident, but the fact that he may have afterwards "sold and assigned his interest in the property to the Forx Motor Sales Company before the trial of this lawsuit" has no bearing upon the case.

Upon a review of the whole case presented to us, the judgment and order appealed from are affirmed.

NUESSLE, BURKE, MORRIS, and CHRISTIANSON, JJ., concur.