C. W. NEWBY, d/b/a Regent Lumber Company, Plaintiff and Respondent,

v.

JOHNSTON'S FUEL LINERS, INC., Defendant, Third-Party Plaintiff and Appellant,

v.

Leonard PRINCE, an individual doing business under the trade name of Regent Oil Company, Third-Party Defendant and Respondent.

No. 8061.

Supreme Court of North Dakota.

March 21, 1963.

As Amended on Rehearing May 29, 1963.

Conmy & Conmy, Bismarck, for defendant, third-party plaintiff and appellant.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, and Rausch & Chapman, Bismarck, for third-party defendant and respondent.

Frederick E. Saefke, Jr., Bismarck, for plaintiff and respondent.

ERICKSTAD, Judge.

This is an action on the part of the plaintiff, C. W. Newby, d/b/a Regent Lumber Company, to recover damages from the defendant Johnston's Fuel Liners, Inc., for losses incurred by the plaintiff arising out of a petroleum fire allegedly caused by the defendant.

The aforesaid defendant answered the plaintiff denying liability and as a third-party plaintiff seeking to recover damages suffered by the said defendant in said fire brought Leonard Prince, doing business under the trade name of Regent Oil Company, into the suit as a third-party defendant.

Said Leonard Prince answered denying all liability and counterclaimed asking to recover damages from Johnston's Fuel Liners, Inc., for his losses arising out of the same fire. Defendant Johnston's Fuel Liners, Inc., replied denying all liability on the counterclaim.

This case was consolidated for trial with Case No. 8059, Chicago, Milwaukee, St. Paul & Pacific Railroad Company, a corporation, plaintiff and respondent, v. Johnston's Fuel Liners, Inc., a corporation, defendant and third-party plaintiff and appellant, v. Leonard Prince, an individual doing business under the trade name of Regent Oil Company, third-party defendant and respondent, N.D., 122 N.W.2d 140; and Case No. 8060, Regent Cooperative Equity Exchange, a cooperative association, plaintiff and repondent, v. Johnston's Fuel Liners, Inc., a corporation, defendant and respondent, and Leonard Prince, an individual doing business under the trade name of Regent Oil Company, defendant and respondent, N.D., 122 N.W.2d 151, and was tried before a jury in Hettinger County.

The jury on October 24, 1961, returned a verdict in favor of the plaintiff in the sum of $3,162.00 in effect against both defendants.

The court did not direct the jury to render a verdict on the third-party claim of Johnston's Fuel Liners, Inc., and the counterclaim of Leonard Prince because the issues in connection therewith were submitted in our Case No. 8059.

The third-party defendant Leonard Prince, doing business under the trade name of Regent Oil Company, made a motion for judgment notwithstanding the verdict and, in the alternative, for an order granting a new trial, having previously made the motions for a directed verdict at the proper times.

District Judge Harvey J. Miller granted the motion of the said third-party defendant and ordered that the verdict be vacated as it applied to Leonard Prince. He further ordered judgment in favor of the plaintiff and against Johnston's Fuel Liners, Inc., in the sum of $3,162.00 for the use and benefit of the Retail Lumbermen's Inter-Insurance Exchange of Minneapolis, Minnesota. He did not pass on the motion for a new trial.

The defendant Johnston's Fuel Liners, Inc., made a motion for a judgment notwithstanding the verdict but did not move for a new trial in the alternative. This motion was denied by Judge Miller.

The defendant Johnston's Fuel Liners, Inc., appeals from the judgment against said defendant in favor of the plaintiff, C. W. Newby, doing business as Regent Lumber Company, in the sum of $3,162.00, plus costs, which was dated February 7, 1962, and which judgment was for the use and benefit of the Retail Lumbermen's Inter-Insurance Exchange of Minneapolis, Minnesota.

The defendant Johnston's Fuel Liners, Inc., also appeals from the order denying the motion of the defendant Johnston's Fuel Liners, Inc., for judgment notwithstanding the verdict.

The facts in this case are the same as the facts set forth in Case No. 8059 of our court. The court's statement of law applicable in that case applies in the instant case as it relates to the issues of sufficiency of evidence, negligence, contributory negligence, proximate cause, and related issues.

The appellant contends that the trial court erred in denying the motion of the defendant for dismissal, which motion was made prior to trial and on the ground that the action was not brought in the name of the real party in interest and, likewise, was predicated in the alternative for an order requiring that the subrogated fire insurance carrier be substituted or joined as a party plaintiff.

The plaintiff sued the defendant Johnston's Fuel Liners, Inc., to recover the sum of $3,332.44. Prior to the trial, on receipt of $3,332.44 from the Retail Lumbermen's Inter-Insurance Exchange Company of Minneapolis, Minnesota, the plaintiff acknowledged payment in full and released the said company of all claims against the company arising out of the fire. The jury rendered a verdict in favor of the plaintiff in the sum of $3,162.00, being $170.44 less than the amount sought in the complaint.

Rule 17(a), N.D.R.Civ.P., reads as follows:

"Real party in interest. Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute so provides, an action for the use or benefit of another shall be brought in the name of the state of North Dakota."

Rule 17(a) is essentially the same as Section 28-0201 of the North Dakota Revised Code of 1943 which it superseded. Under the aforesaid rule and following the

decision of this court in the first case of Hermes v. Markham et al., 78 N.D. 268, 49 N.W.2d 238, it would appear that the trial court should have granted the defendant's motion for dismissal on the ground that he was entitled to be sued by the real party in interest and that inasmuch as the plaintiff had assigned all of his interest in the claim to his insurer on being paid in full, the real party in interest was the insurer and not the insured.

This court has qualified this rule in its decision in the second case of Hermes v. Markham et al., N.D., 60 N.W.2d 267. In the second case the court held that the plaintiff insured was in effect the real party in interest, even though the insured had assigned all of his interest in the claim to the insurer where the insured offered as an exhibit, in open court and in the presence of the jury, proof that a power of attorney had been given the insured to bring the action on behalf of the insurer. In referring to the power of attorney, this court said:

"This instrument vests in the plaintiff complete authority to bring the action and ratifies and confirms in all things the action brought by the plaintiff. It further provides that plaintiff is authorized forthwith to enter its appearance in said action as a party plaintiff, if necessary, with the same full force and effect as if the said action had been previously brought by it in the district court to recover damages either alone or jointly with the plaintiff, and it agrees to be bound by any judgment entered in said action." Hermes v. Markham, N.D., 60 N.W.2d 267, at p. 272.

■ We have no such ratification or confirmation of Newby's action by the insurer here. In the instant case, the attorney for the plaintiff filed a written objection to the motion to dismiss in which he incorporated a portion of the subrogation receipt which was to the effect that Newby had assigned all of his interest in the claim to the insurer and had authorized the insurer to bring the action in Newby's name. The court, by written order, denied the motion of the defendant. Inasmuch as the objection consisted merely of a reference to the subrogation receipt, it cannot be assumed to be an entry of appearance on the part of the insurer, nor can it be treated as a ratification of the plaintiff's action by the insurer. There is nothing in the record to show that the action was prosecuted by the insurer in the insured's name in spite of the fact that such a suit may have been authorized by Newby in the subrogation agreement.

No appearance was entered by the insurer and jurisdiction over the insurer was not otherwise obtained. The insurer was not bound by the judgment and could conceivably sue the defendant upon the same claim.

■ The purpose of the rule requiring that all actions be prosecuted in the name of the real party in interest is to prevent double liability and the vexations of multiple suits. The Minnesota Supreme Court, in explaining their statute which preceded their rule requiring that all actions be prosecuted in the name of the real party in interest, said:

"The purpose of the statute * * * is to save a defendant against whom a judgment may be obtained from further vexation at the hands of other claimants of the same demand. If a judgment in favor of the plaintiff, when satisfied by defendant, will protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defenses he could make against the real owner of the claim, then there is an end of defendant's concern, for, so far as he is interested, the action is being prosecuted in the name of the real party in interest." McGuigan v. Allen, 165 Minn. 390, 206 N.W. 714, at p. 715.

In the case of Farmers Insurance Exchange v. Arlt, N.D., 61 N.W.2d 429, this court held that, where the insurance paid by the insurer covered only a portion of the insured's loss, the right of action against the wrongdoer who caused the loss remained in

the insured for the entire loss and the action should be brought in the name of the insured.

In the instant case the entire loss had been paid the insured by the insurer and the insurer had not ratified the insured's action against the wrongdoer so as to prevent double liability and vexatious suits. The insured had no real interest in the action and thus was prohibited under Rule 17(a), North Dakota Rules of Civil Procedure, from prosecuting it.

The insured, however, contends that he nevertheless had an interest in the outcome of the action because the insured was a member of a reciprocal insurance company and its premiums were related to its losses. This is not the type of interest contemplated by the rule. The plaintiff's interest is an indirect and contingent interest which could not be determined in this lawsuit. Its interest would depend upon the success or failure of all lawsuits in which the company was involved and upon many other business factors.

The fact that the cost of reciprocal insurance is related to the losses sustained by the reciprocal insurer does not make the insured the real party in interest so as to comply with Rule 17(a) of the North Dakota Rules of Civil Procedure. To hold that such an indirect interest would make the reciprocal insured the real party in interest would be to so extend the rule as to completely abrogate it.

Indicative of the inherent weakness of this contention is the fact that the plaintiff cites no authority therefor and that none has been found by the court.

For the reasons stated herein, the district court is found to have been in error in denying the defendant's motion for dismissal of the plaintiff's action. The case is hereby remanded with instructions to vacate the judgment and dismiss the action.

MORRIS, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.