REGENT COOPERATIVE EQUITY EX-CHANGE, a Cooperative Association, Plaintiff and Respondent,

v.

JOHNSTON'S FUEL LINERS, INC., a Corporation, Defendant and Appellant,

and

Leonard Prince, an individual doing business under the trade name of Regent Oil Company, Defendant and Respondent.

No. 8060.

Supreme Court of North Dakota.

May 29, 1963.

Rehearing Denied June 14, 1963.

Conmy & Conmy, Bismarck, for defendant and appellant.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, and Rausch & Chapman, Bismarck, for defendant and respondent.

Orrin B. Lovell, Beach, and R. J. Bloedau, Mott, for plaintiff and respondent.

ERICKSTAD, Judge.

This is an action on the part of the plaintiff, Regent Cooperative Equity Exchange, a cooperative association, to recover damages from the defendant Johnston's Fuel Liners, Inc., a corporation, and from the defendant Leonard Prince, an individual doing business under the trade name of Regent Oil Company, for losses incurred by the plaintiff arising out of a petroleum fire allegedly caused by the defendants.

Defendant Johnston's Fuel Liners, Inc., answered the plaintiff, denying liability, and asserted a cross-claim against the defendant Leonard Prince, an individual doing business under the trade name of Regent Oil Company, seeking to recover damages suffered by the said defendant in said fire.

The defendant Leonard Prince, an individual doing business under the trade name of Regent Oil Company, in answering the plaintiff, denied all liability and by

cross-claim against the defendant Johnston's Fuel Liners, Inc., a corporation, sought damages from said defendant for losses incurred by Prince in the same fire. Prince also denied liability on the cross-claim of Johnston's Fuel Liners, Inc. Defendant Johnston's Fuel Liners, Inc., replied to the cross-claim of Leonard Prince denying all liability.

This case was consolidated for trial with Case No. 8059, Chicago, Milwaukee, St. Paul & Pacific Railroad Company, a corporation, plaintiff and respondent, v. Johnston's Fuel Liners, Inc., a corporation, defendant and third-party plaintiff and appellant, v. Leonard Prince, an individual doing business under the trade name of Regent Oil Company, third-party defendant and respondent, N.D., 122 N.W.2d 140; and Case No. 8061, C. W. Newby d/b/a Regent Lumber Company, plaintiff and respondent, v. Johnston's Fuel Liners, Inc., defendant, third-party plaintiff and appellant, v. Leonard Prince, an individual doing business under the trade name of Regent Oil Company, third-party defendant and respondent, N.D., 122 N.W.2d 156, and was tried before a jury in Hettinger County.

The jury on October 24, 1961, returned a verdict in favor of the plaintiff and against both of the defendants, namely, Johnston's Fuel Liners, Inc., and Leonard Prince, an individual doing business under the trade name of Regent Oil Company, in the sum of $46,768.83.

The Court did not direct the jury to render a verdict on the cross-claims of the respective parties because the issues in connection therewith were submitted in our Case No. 8059.

The defendant Leonard Prince, an individual doing business under the trade name of Regent Oil Company, made a motion for judgment notwithstanding the verdict and in the alternative for an order granting a new trial. Said defendant, prior thereto, had made the appropriate motions for a directed verdict.

District Judge Harvey J. Miller, among other things, granted the motion for judgment notwithstanding the verdict and vacated the verdict as it applied to the said defendant. He did not pass on the motion for a new trial. He also ordered judgment against the defendant Johnston's Fuel Liners, Inc., in the amount of $46,768.83 in favor of the plaintiff.

Defendant Johnston's Fuel Liners, Inc., made a motion for judgment for said defendant notwithstanding the verdict against said defendant but did not move for a new trial in the alternative. This motion was denied by Judge Miller. Previously this defendant had made the appropriate motions for a directed verdict.

The defendant Johnston's Fuel Liners, Inc., a corporation, has appealed from:

The judgment notwithstanding the verdict dated January 23, 1962, which judgment vacated the verdict against Leonard Prince;

The order denying defendant and appellant's motion for judgment notwithstanding the verdict dated February 2, 1962;

The judgment dated February 6, 1962, in favor of the plaintiff and against defendant Johnston's Fuel Liners, Inc., for the use and benefit of certain designated insurance companies in the sum of $46,768.83; and

The amended judgment in favor of the plaintiff and against the defendant Johnston's Fuel Liners, Inc., for the use and benefit of certain designated insurance companies in the sum of $46,-768.83, plus costs of $595.48, dated March 27, 1962.

The only difference between the latter two judgments seems to be the addition of $595.48 in costs in the last-mentioned judgment, as both are for the use and benefit of the same insurance companies.

The facts, as they relate to the incidents surrounding the fire, are the same in this case as stated in Case No. 8059 of the Supreme Court of the State of North Dakota.

The appellant contends that:

"The Court erred in denying the Motion of the Defendant for dismissal, which Motion was made prior to trial and on the ground that the action was not brought in the name of the real party in interest and was likewise predicated in the alternative for an Order requiring that the subrogated fire insurance carriers be substituted or joined as parties-Plaintiffs."

In the instant case, the plaintiff, Regent Cooperative Equity Exchange, had received payment from various insurance companies, but had suffered damages for which it was not compensated by insurance, and thus had a real interest in the action against the defendant.

Under the decision of this Court in the case of Farmers Insurance Exchange v. Arlt, N.D., 61 N.W.2d 429, on page 436, this Court said:

"Where the insurer has paid the loss of the insured in full and received an assignment of the full claim of the insured for damages, it is generally held that the insurer is the real party in interest and must bring the action. Hermes v. Markham, 78 N.D. 268, 277, 49 N.W.2d 238. By the weight of authority, however, it is held that, if the insurance paid by the insurer covers only a portion of loss, as in the case at bar, the right of action against the wrongdoer, who caused the loss, remains in the insured for the entire loss and the action should be brought in the name of the insured. 29 Am.Jur., Insurance, Secs. 1355 and 1357, pp. 1013, 1015; Annotation 96 A.L.R. pp. 865, 879–881; Annotation 157 A.L.R. pp. 1243, 1251, 1252."

The aforesaid case was decided under Section 28–0201 of the North Dakota Revised Code of 1943. This statute was incorporated into the North Dakota Rules of Civil Procedure as Rule 17(a). The statute and the rule are essentially identical. The construction heretofore applied to the statute should therefore apply to the rule

Since our Court in Farmers Insurance Exchange v. Arlt, supra, has in effect made the insured a trustee for the insurer to the extent of the insurer's interest under the circumstances involved here, vexatious suits will not lie.

In the instant case, at the beginning of the trial, the lawyers read into the record out of the hearing of the jury the names of the insurers, the amount paid to and the interest retained by the insured, and the court received this information as a part of the record. The judgment entered was for the use and benefit of the insurers.

In the appellant's motion, the alternative requested was "that subrogated fire insurance carrier or carriers be substituted as the party plaintiff."

In the order denying the motion, the attorney for the defendant and appellant described the motion as one for "interpleader of various fire insurance carriers as parties-plaintiff on the grounds that said fire insurance carriers were real parties-plaintiff in interest in the matter."

Although the words "substitution" and "interpleader" were used, no arguments were presented to the trial court nor to the Supreme Court supporting a basis for the action other than under Rule 17(a), North Dakota Rules of Civil Procedure.

Substitution under Rule 25, North Dakota Rules of Civil Procedure, could not possibly apply. Interpleader under Rule 22, North Dakota Rules of Civil Procedure, seems to require that interpleader be accomplished by cross-claim or counter-claim and service of summons, and not by motion. Other rules may involve both "substitution" and "interpleader", but we do not believe that the trial court should be required to review all the Rules of Civil Procedure to determine the validity of a motion, when only one rule is cited in support of the motion.

Our view is that Rule 17(a), North Dakota Rules of Civil Procedure, the rule cited, did not require the court in this instance to dismiss the action, nor did it

require the court to join the insurers as party plaintiffs.

■ The appellant further contends:

"'The Court erred in its ruling made on the record and prior to trial forbidding any reference whatsoever upon trial to the beneficiaries of the trust, i. e., to the subrogated fire insurance carriers.

"'The Court erred in its ruling made prior to trial and upon trial forbidding cross-examination of the nominal Plaintiffs as to agreed values (on the damaged or destroyed properties) and settlements had between such nominal parties-plaintiff and the subrogated fire insurance carriers.

"'The Defendant and Appellant was denied the right of fair trial when its counsel was adjudged in contempt; and for the rulings made in advance forbidding any reference to the subrogated insurance carriers or the values of the properties as determined by such carriers and the nominal Plaintiffs under threat of further contempt.'"

We are of the opinion that the court did not unduly restrict the defendant and appellant in the instant case by prohibiting examination of witnesses regarding insurance settlements.

The rule relating to the admissibility of testimony concerning insurance settlements is enunciated in an annotation, 81 A.L.R. 320, as follows:

"The general rule is well settled, at least in the case of an action founded in tort, that the recovery of damages by the owner of property injured or destroyed by the fault of another is, as to the person in fault, absolutely unaffected by the fact that he may have already received full payment for his loss by insurance—the payment from the insurer having effect neither to preclude a recovery nor to minimize the amount of the damages."

In the case of Jeffords v. Florence County, 165 S.C. 15, 162 S.E. 574, 81 A.L.R. 313, testimony that plaintiff's loss, when his automobile burned after being overturned in consequence of a defect in the highway, was partially covered by insurance was properly excluded in an action brought against the county, even though such action was brought under a statute limiting recovery to "actual damages."

In Ostmo v. Tennyson, 70 N.D. 558, 296 N.W. 541, at page 545, this court said:

"If the defendant caused the collision so that by his negligence the plaintiff's truck was damaged, he is responsible for the damages, and he can not take advantage of the fact that some one may have repaired the truck without charge, or that some friends may have contributed to the cost, or that some dealer may have been generous enough to give plaintiff a brand new truck in place of the old one. If the plaintiff got more for the wrecked truck than it was reasonably worth so that a purchaser had paid more for the wreckage than its actual value, the defendant can not claim this as an offset. One of the problems for the jury to determine was what, if any, was the damage inflicted by the defendant upon the truck, and the court was justified in sustaining the objection to these offers of proof."

In examining the offer of proof made by the defendant and appellant, we find that the purpose therein was to show an insurance settlement, the amount thereof, and the names of the insurance companies.

This information would not have proved the value of the property immediately prior to and immediately after the fire, which is the information necessary normally to determine damages, but it may have prejudiced the jury had they known of it.

■ The restrictions as to the questions of insurance on voir dire were not prejudicial, for the reason that whether or not there was insurance involved was not disclosed to the jury.

■ The appellant's specification of error to the effect that "the amended judgment is void and was made without proper

jurisdiction and after appeal taken" is deemed abandoned, as no argument has been submitted by the appellant in his brief in support thereof. Rule 8(B) of the Supreme Court of North Dakota, 76 N.D. xix; Mevorah v. Goodman, N.D., 68 N.W.2d 469.

The argument that the appellant was denied the right of a fair trial when its counsel was adjudged in contempt is not convincing, as the finding of counsel to be in contempt was made in chambers and not in the hearing of the jurors.

For reasons stated in Case No. 8059 of the Supreme Court of North Dakota, one of the cases consolidated for trial with this one, this case is remanded to the trial court with instructions to the said court to vacate the judgment notwithstanding the verdict and order judgment consistent with the verdict of the jury, subject to the right of the respondent, Leonard Prince, to proceed promptly to press for a ruling on his motion for a new trial.

MORRIS, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.