**VANTINE PAINT & GLASS COMPANY OF DICKINSON, INCORPORATED, Plaintiff and Appellant,**

**v.**

**Laudie KUDRNA, Wesley Ray Foreman, and Montana-Dakota Utilities Co., a corporation, Defendants and Respondents.**

**MONTANA–DAKOTA UTILITIES CO., a corporation, Third-Party Plaintiff and Respondent,**

**v.**

**Alice L. ABERSON, Third-Party Defendant and Respondent.**

**Civ. No. 8751.**

Supreme Court of North Dakota.

Feb. 8, 1972.

See also, N.D., 186 N.W.2d 127.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff and appellant.

Albert A. Wolf, Bismarck, for defendants and respondents Laudie Kudrna, Wesley Ray Foreman, and Montana-Dakota Utilities Co.

Reichert, Howe & Hardy, Dickinson, for third-party defendant and respondent Alice L. Aberson.

PAULSON, Judge.

This is an appeal from an order of the District Court of Stark County granting the defendants' motion to dismiss plaintiff's claim for relief for lack of a real party in interest. The dismissal was conditioned on the failure of the plaintiff, Van-

tine Paint & Glass Company of Dickinson, Incorporated [hereinafter Vantine], to join as an additional party plaintiff to the action the Great Northern Insurance Company. Vantine has appealed to this court, rather than joining the insurance company as an additional plaintiff and proceeding with the lawsuit in the district court. It is conceded by both parties that Vantine has alleged damages in excess of $39,700 as the result of the defendants' alleged negligence, and that Vantine has received reimbursement from its insurer—Great Northern Insurance Company—in the sum of $33,317.65.

The sole question to be determined on this appeal is whether Great Northern Insurance Company must be joined as an additional party plaintiff. A similar question was before this court in the case of Regent Co-op. Equity Exch. v. Johnston's Fuel Liners, Inc., 122 N.W.2d 151 (N.D.1963), in which our court stated, in paragraph 1 of the syllabus:

"Rule 17(a), North Dakota Rules of Civil Procedure, which requires that every action be prosecuted in the name of the real party in interest, is complied with where an action is brought against a tort-feasor in the name of an insured who has been paid by an insurer for only a portion of his loss."

The defendants seek to distinguish the case of *Regent Co-op., supra*, because of differences in the wording of the subrogation agreements executed by the insureds in the *Regent Co-op., supra*, case and in the case at bar. We are unwilling to burden the courts of this State with the task of comparing the subrogation agreement involved in a particular case with the subrogation agreement made in the case of Regent Co-op. Equity Exch. v. Johnston's Fuel Liners, Inc., *supra*, before the court decides whether the insurer must be joined as a party plaintiff. We see no reason why similar provisions in a subrogation agreement should be a distinguishing factor, where Vantine still has not been reimbursed in full by its insurance carrier for its alleged losses.

We adopt the reasoning of this court in the case of Regent Co-op. Equity Exch. v. Johnston's Fuel Liners, Inc., *supra*, and, accordingly, the order of the district court granting the defendants' motion is reversed.

STRUTZ, C. J., and ERICKSTAD, TEIGEN, and KNUDSON, JJ., concur.