**Donald J. KELLER, Plaintiff and Appellant,**

**v.**

**Scott M. GAMA and David Arthur Sagin, Defendants and Appellees.**

**Civ. No. 11025.**

Supreme Court of North Dakota.

Dec. 18, 1985.

Gerald J. Haga, of Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Ltd., Grand Forks, for plaintiff and appellant.

Henry H. Howe, of Howe & Seaworth, Grand Forks, for defendant and appellee Scott M. Gama; waived brief and argument.

Howard D. Swanson, of Letnes, Marshall, Fiedler & Clapp, Ltd., Grand Forks, for defendant and appellee David Arthur Sagin.

VANDE WALLE, Justice.

Donald J. Keller appealed from a district court order striking his claim for damages for lost wages as a result of the injuries he received in an automobile accident involving Scott M. Gama and David Arthur Sagin. We reverse.[1]

In its order granting Sagin's motion to strike the claim for lost wages, the lower court determined that the traditional collateral-source rule did not apply because "the plaintiff's income from wages was not impaired," in that as an employee of the

United States Air Force "Keller's wage income was not damaged by the accident." Such a ruling is contrary to our State's application of the collateral-source rule and to the majority view.

In *Ostmo v. Tennyson*, 70 N.D. 558, 565, 296 N.W. 541, 545 (1941), we determined that a negligent defendant is

> "responsible for the damages, and he can not take advantage of the fact that some one may have repaired the truck without charge, or that some friends may have contributed to the cost, or that some dealer may have been generous enough to give plaintiff a brand new truck in place of the old one."

This broad interpretation of the collateral-source rule was later incorporated in regard to insurance coverage in *Regent Coop. Equity Exch. v. Johnston's Fuel Liners*, 122 N.W.2d 151 (N.D.1963).

Sagin contends that the trial court did not err because Keller, due to the continuation of his salary while disabled, suffered no damage. We do not believe such an interpretation comports with the letter or spirit of *Ostmo v. Tennyson*. In *Ostmo* we determined by implication that the wrongdoer should not benefit at the expense of an innocent party, even where the injured party subsequently receives reimbursement from someone other than the wrongdoer. If an injury has occurred it is subject to specific remuneration.

The majority of jurisdictions allow, as in *Ostmo*, a broad application of the collateral-source rule in regard to both private and governmental employment. See, generally, Annot., 7 A.L.R.3d 516 (1966 & Supp.1985). The cases are almost unanimous in the view that the rule applies even to government employees who receive wages regardless of the injury received. See Annot., *supra*, at §§ 4[a] and 7[a]. Upon a review of these cases, we are con-

---

1. Sagin contends that the order striking the wage claim is not an appealable order. Sagin's argument is without merit. See *Skoog v. City of Grand Forks*, 301 N.W.2d 404 (N.D.1981). The motion to dismiss the appeal is therefore denied.

vinced that the public policy described in *Ostmo* deserves continued application.[2]

The order striking Keller's claim for damages for lost wages is reversed and the matter is remanded to the trial court for further proceedings in accordance with this opinion.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

**2.** Not controlling here, but worthy of note, are Chief Judge Register's comments in *Gillis v. Farmers Union Oil Company of Rhame*, 186 F.Supp. 331, 338 (D.N.D.1960), where he states: "This Court is of the opinion that the Supreme Court of North Dakota, if and when such issue is presented, will follow the so-called 'modern rule' (followed by the majority of the Courts which have passed upon the question) which allows recovery on the part of the injured member of such armed service. This Court believes such to be the just, proper, and reasonable rule, ..."