Gary and Phyllis **TORSKE**, Plaintiff,

v.

**BUNN–O–MATIC CORPORATION,** Defendant.

No. A4–03–021.

United States District Court, D. North Dakota, Northwestern Division.

June 25, 2003.

Collin Paul Dobrovolny, McGee, Hankla, Backes & Dobrovolny, PC, Minot, ND, for plaintiff.

David J. Hogue, Pringle & Herigstad, P.C., Minot, ND, for defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR MANDATORY JOINDER OF INSURER

HOVLAND, Chief Judge.

Before the Court is the Defendant's Motion to Join State Farm Fire and Casualty Company as a Proper Party Plaintiff. For the reasons outlined below, the motion is denied.

### I. *BACKGROUND*

This is action to recover damages stemming from a fire that destroyed the Plaintiffs residence on August 27, 2001. The Plaintiffs, Gary and Phyllis Torske, filed suit against the Defendant, Bunn–O–Matic Corporation, on February 21, 2003, alleging that the fire was caused by a coffee maker manufactured by the Defendant. The Torskes seek to recover $323,774.91 in damages allegedly attributable to the fire.

On June 12, 2003, the Defendant filed a motion pursuant to Rules 17(a) and 19(a) of the Federal Rules of Civil Procedure seeking to join the Torskes' insurer, State Farm Fire and Casualty Company ("State Farm"), as a proper party plaintiff on the grounds that State Farm's presence is necessary for a complete determination of the controversy. According to the Defendant, State Farm paid the Torskes $223,588 in fire-related claims and, therefore, has a legal interest in this controversy by reason of its subrogated interest.

On June 18, 2003, the Torskes filed a brief in resistance to the Defendant's motion, asserting that there is no legal basis for including State Farm in this action. The Torskes contend that they are contractually obligated by the terms of their insurance policy to pursue their claim against the Defendant on behalf of State Farm and reimburse State Farm from any recovery. The Torskes also contend that State Farm would have an equitable lien on any recovery, and that a determination of the claim will be res judicata as to all issues.

### II. *LEGAL DISCUSSION*

Rule 17(a) of the Federal Rule of Civil Procedure provides that every action shall be prosecuted in the name of the real party in interest. Rule 17(a) also provides:

An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought. . . .

Fed.R.Civ.P. 17(a). To determine whether the "real party in interest" requirement has been satisfied, the Court must look to the substantive law creating the right being sued upon to determine if the action has been instituted by the party possessing the substantive right to relief. *See Dubuque Stone Prods. Co. v. Fred L. Gray Co.*, 356 F.2d 718 (8th Cir.1966).

Rule 19(a) of the Federal Rules of Civil Procedure allows for the mandatory joinder of persons needed for just adjudication. Rule 19(a) provides in relevant part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence

may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

■ The Defendant, in its supporting brief, cites to the North Dakota Supreme Court's holdings in *Hermes v. Markham*, 78 N.D. 268, 49 N.W.2d 238 (1951), and *Newby v. Johnston's Fuel Liners*, 122 N.W.2d 156 (N.D.1963), for the proposition that State Farm should be considered the real party interest due to the fact that State Farm has already paid for a majority of the losses incurred by the Torskes as a result of the fire at their residence. The Defendant contends that the claim should be prosecuted in State Farm's name alone or, at a minimum, State Farm should be joined as a named plaintiff.

In *Hermes v. Markham*, an insurer brought a subrogation action against the defendant in the insured's name. The North Dakota Supreme Court concluded that "where, the insurer has made payment in full of the insured's loss it is generally held that the insurer is the real party in interest and must bring the action." *Hermes v. Markham*, 78 N.D. 268, 49 N.W.2d 238, 244 (1951). The court later qualified this rule in *Hermes v. Markham*, 60 N.W.2d 267, 272 (N.D.1953), and held that the insured was the real party in interest despite the fact that the insured had assigned his claim to his insurer because his action had been ratified by the insurer.

In *Newby v. Johnston's Fuel Liners*, the insured brought a negligence action against the defendant in an effort to recover losses sustained in a fire. The North Dakota Supreme Court held:

> In the instant case the entire loss had been paid the insured by the insurer and the insurer had not ratified the insured's action against the wrongdoer so as to prevent double liability and vexatious suits. The insured had no real interest in the action and thus was prohibited under Rule 17(a), North Dakota Rules of Civil Procedure, from prosecuting it.

*Newby v. Johnston's Fuel Liners*, 122 N.W.2d 156, 160.

In their brief in resistance to the Defendant's motion, the Torskes assert that the facts underlying the holdings *Hermes* and *Newby* are distinguishable from those in the present case. The Torskes point out that the plaintiffs in *Hermes* and *Newby* had been paid in full by their respective insurers and had no uninsured loss. In comparison, the Torskes contend that they have not been paid in full by State Farm and, based upon the figures provided by the Defendant, they have an uninsured loss of approximately $100,000.

The Torskes also point out that the North Dakota Supreme Court in *Farmers Insurance Exchange v. Arlt* specifically held that where the insurance paid by the insurer covers only a portion of the insured's loss, the right of action against the wrongdoer who caused the loss remained with the insured for the entire loss and an action should be brought in the name of the insured. *See* 61 N.W.2d 429, 436 (N.D.1953); *see also Agra–By–Products, Inc. v. Agway, Inc.*, 347 N.W.2d 142, 144 n. 1 (N.D.1984) (Rule 17(a) of the North Dakota Rules of Civil Procedure is complied with where an action is brought against a tortfeasor in the name of an insured who has been paid by an insurer for only a portion of his loss); *Vantine Paint & Glass Co. of Dickinson v. Kudrna*, 194 N.W.2d 760, 761 (N.D.1972); *Regent Co-op. Equity Exch. v. Johnston's Fuel Liners*, 122 N.W.2d 151 (N.D.1963).

In its reply brief, the Defendant asserts that reliance on North Dakota case law and substantive law is improper because the matter now before the Court is procedural in nature. The Defendant submits that the Eighth Circuit case of *National Garment Company v. New York, C. & St. L.R. Co.*, 173 F.2d 32 (8th Cir.1949), is dispositive. In *National Garment Company*, the Eighth Circuit explained:

> The rule is that, in the absence of timely objection on the part of the defendant, the party suffering the loss may maintain an action for the recovery of the whole loss against the party primarily liable, although

the plaintiff has been indemnified for part of his loss and the indemnifier, to the extent of the payment made, has been subrogated to the plaintiff's rights against the person primarily liable. In this situation there are two real parties in interest the insurer to the extent of its payment and the insured to the extent of the difference between the payment received from the insurer and the whole loss. In the absence of objection either may maintain an action against the person primarily liable, the insurer to the extent of its payment, the insured to the extent of the whole loss. The rule against splitting a cause of action is for the benefit of the defendant and may be waived. On objection by the defendant, the absent party should be made a party plaintiff.

*National Garment Company*, 173 F.2d 32, 34. However, it is clear that joinder of the insurer is discretionary rather than mandatory.

■ The Defendant is correct to the extent that, as a procedural matter, the federal rules require suit in the name of the party with the substantive right. However, when the action arises under state law, the real party in interest is determined by state substantive law. *Dubuque Stone Products Co. v. Fred L. Gray Co.*, 356 F.2d 718, 723 (8th Cir.1966) (in diversity cases, state substantive law is consulted to determine whether an assignee qualifies as a real party in interest under Rule 17(a)). The North Dakota Supreme Court has unequivocally recognized that the right of action against a wrongdoer who caused the loss remains with the insured as long as the insurer has only covered a portion of the insured's losses. *See Farmers Insurance Exchange v. Arlt*, 61 N.W.2d 429, 436 (N.D.1953).

It is clear and undisputed that State Farm has only covered a portion of the Torskes' loss. Under state law, the right of action remains with the insureds, the Torskes. Under state law, the Torskes would be considered the real parties in interest. Mandatory joinder of State Farm under Rules 17(a) and 19(a) of the Federal Rules of Civil Procedure would be unnecessary and inappropriate.

## III. *CONCLUSION*

Accordingly, the Court **DENIES** the Defendant's Motion to Join State Farm Fire and Casualty Company as a Proper Party Plaintiff (Docket No. 12).

**IT IS SO ORDERED.**